**Dick SANDY, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 93–143.**

Supreme Court of Wyoming.

March 14, 1994.

State Public Defender Program, Leonard D. Munker, State Public Defender, Deborah Cornia, Appellate Counsel, Cheyenne, for appellant.

Dick Sandy, pro se.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., Georgia L. Tibbetts, Asst. Atty. Gen., Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

GOLDEN, Justice.

Dick Sandy appeals a jury conviction for first-degree sexual assault. Appellant, through appellate counsel, presents issues concerning uncharged misconduct and jury

instructions. Appellant's *pro se* brief asserts he was denied effective assistance of trial counsel, the right to testify, the right to have witnesses testify in his defense, and the right to defend in person and by counsel.

·We affirm.

## ISSUES

In his brief prepared by counsel, appellant presents these issues:

I. The trial court erred in allowing introduction of evidence concerning the character and prior bad acts of the appellant.

II. The trial court erred when it refused to give a lesser included instruction on assault and battery.

Appellant presents these additional issues in his *pro se* brief:

I. Appellant was denied the right to be present and to defend in person and by counsel.

II. Appellant was denied the right to testify and to have witnesses testify in his defense.

III. Appellant was denied effective assistance of counsel.

The state rephrases the issues presented in the brief by appellate counsel as:

I. Was evidence of prior sexual assaults by appellant properly admitted under W.R.E. 404(b)?

II. Did the trial court properly refuse to give a lesser-included offense instruction relating to misdemeanor battery?

The state rephrases the issues in the *pro se* brief as:

I. Was appellant's right to be present and to defend in person satisfied by his presence at all critical stages of his trial?

II. Was appellant denied the right to testify or to have witnesses testify in his defense?

III. Did appellant receive effective assistance of counsel?

## FACTS

Camilla Sandy is the former wife of appellant. She reported that on the night of December 16, 1992, appellant sexually as-

saulted her in her home. Although Mrs. Sandy had divorced appellant because he was physically abusive to her, the Sandys had remained in contact after their divorce, and had occasionally dated prior to the sexual assault. Mrs. Sandy began dating other men. On December 16, appellant asked Mrs. Sandy to lunch, but she refused. He went to her place of employment and the two discussed his purchase of her car. Appellant again asked her out for the evening, and she again refused. A disruptive argument ensued and Mrs. Sandy's supervisor intervened, suggesting the Sandys continue talking in the lobby area. Wanting to avoid further disruption at her workplace, Mrs. Sandy agreed appellant could attend her daughter's preschool Christmas program that afternoon. Following that conversation, appellant left.

Mrs. Sandy, her son and appellant attended the Christmas program. Afterwards, the Sandys treated the children at a local restaurant. At Mrs. Sandy's home, the Sandys again argued when Mrs. Sandy would not go out with appellant that evening. Angry, appellant left and walked home; the time was about 5:30 p.m. Concerned that appellant might damage her car, she moved it to a friend's home.

At about 8:00 p.m. that evening, Mrs. Sandy put her children to bed and changed into a nightgown. Appellant returned at about 8:45 p.m. and again became angry because she would not go out with him and because she had moved the car. Appellant then physically attacked Mrs. Sandy, inflicting bruises. He dragged her to a bedroom and sexually assaulted her three times that night. He threatened to kill her and physically disfigure her with bathroom chemicals which he held over her face. Appellant did not leave until after Mrs. Sandy left for work the next morning. However, instead of going to work, she went to the Campbell County Memorial Hospital and reported the sexual assault to the Gillette Police Department. Mrs. Sandy testified that she did not agree to have sexual intercourse with appellant.

Before his arrest, appellant admitted the sexual intercourse, but insisted it was consensual. He maintained his consent defense

at trial. In the prosecutor's case-in-chief, Sandy's first wife testified that she, too, had been sexually assaulted by appellant after she told him of plans to divorce him. Appellant did not testify. A jury convicted appellant and this appeal followed.

## DISCUSSION

*UNCHARGED MISCONDUCT EVIDENCE*

### 1. Standard of Review

■ Appellant contends admission of the first wife's testimony violated WYO. R.EVID. 404(b). Rule 404(b) excludes evidence of uncharged misconduct evidence if offered to prove bad character or criminal propensity, but uncharged misconduct evidence *may* be admissible if relevant for other purposes. Usually, admission of evidence is within the trial court's discretion and will not be disturbed absent an abuse of discretion. This court first adopted a five-part test to determine admissibility of Rule 404(b) evidence in *Bishop v. State*, 687 P.2d 242 (Wyo. 1986), *cert. denied*, 469 U.S. 1219, 105 S.Ct. 1203, 84 L.Ed.2d 345. However, the *Bishop* test and WYO.R.EVID. 403 limit a court's discretion for admitting Rule 404(b) evidence. The five factors of the *Bishop* test are:

1. The extent to which the prosecution plainly, clearly, and convincingly can prove the other similar crimes;

2. The remoteness in time of those crimes from the charged offense;

3. The extent to which the evidence of other crimes is introduced for a purpose sanctioned by W.R.E. 404(b);

4. The extent to which the element of the charged offense, that the evidence is introduced to prove, is actually at issue;

5. The extent to which the prosecution has a substantial need for the probative value of the evidence of the other crimes.

*Bishop*, 687 P.2d at 246.

■ If the trial court determines the uncharged misconduct evidence is relevant, it must then determine whether the relevant evidence should be excluded because the probative value is substantially outweighed by the danger of unfair prejudice to appellant.

WYO.R.EVID. 402, 403. A trial court's process for balancing probative value against prejudice was addressed in the recently published opinion of *Dean v. State*, 865 P.2d 601 (Wyo. 1993).

Because unfair prejudice often accompanies evidence of uncharged misconduct, this court established a uniform, mandatory procedure for prosecutors, defense counsel, and trial courts to follow when considering admission of uncharged misconduct. *Dean*, 865 P.2d at 606. *Dean* also augmented the *Bishop* test with other factors to determine and weigh probative value and listed reasons proposed evidence might create unfair prejudice. *Dean*, 865 P.2d at 809–10. Although not applicable for this case, the new procedure *Dean* mandated will become part of this court's standard of review. This procedure ensures the trial court is presented with sufficient information by counsel to determine relevance and unfair prejudice and ensures this court is provided with a sufficient record for review.

### 2. Admission of Former Wife's Testimony

A motion in limine hearing was held to consider whether the first wife's testimony was admissible. The state offered the first wife's testimony for the purposes of motive and victim's state of mind. Although critical of the state's second purpose, the trial court reserved ruling until he heard her testimony in chambers. Afterwards, the state specifically requested the testimony be admitted for the purpose of motive. The trial court found the testimony relevant for that purpose because consent was at issue, the uncharged misconduct was substantially similar to this charged act, the prior act was not too remote in time, and the evidence was not unfairly prejudicial under Rule 403. The trial court agreed that defense counsel should prepare a limiting instruction to be read to the jury before the testimony.

At an in-chambers conference held before the first wife testified, defense counsel discussed a cautionary instruction limiting the evidence to the purpose of motive because consent was at issue. Although the state had not requested the evidence for the purpose of lack of mistake, defense counsel also dis-

cussed lack of mistake as it related to intent. These two purposes were included in the limiting instruction to the jury.

Appellant contends it was reversible error to admit the uncharged misconduct evidence because it was irrelevant, inadmissible under *Bishop,* and unfairly prejudicial. Appellant first argues the evidence was irrelevant because motive is not an element of this crime, lack of mistake was not raised as a defense, and the victim's state of mind could not logically be inferred from another's testimony without the use of an expert witness. Second, appellant contends the evidence failed the first, third and fifth factors of the *Bishop* test. Finally, appellant contends the probative value was outweighed by unfair prejudice in violation of WYO.R.EVID. 403 and, since evidence of guilt was not overwhelming, the error in admission was not harmless.

### A. Relevance

■ The record indicates that before his arrest appellant conceded intercourse had occurred, but claimed it was consensual. The record also indicates defense counsel discussed a limiting instruction with the lack of mistake wording and did not object to the final instruction version which included this wording. Since it was clear before trial that consent would be at issue, the state offered the uncharged misconduct evidence to show appellant's motive. Through cross-examination of the victim and other state witnesses, appellant maintained his consent defense at trial. The trial court then heard the former wife's testimony and found that since consent was at issue, the evidence was relevant for the purpose of showing motive.

We have previously held that

> when there is no issue with respect to the fact that sexual intercourse occurred, the identity of the perpetrator is not disputed, and the only material dispute is whether the sexual intercourse occurred as a product of the victim's consent or was forced (and where the other evidence of force such as bruising, etc., is less than overwhelming) the trial court has a legitimate basis for the admission of evidence of prior bad acts like those presented in this case.

*Carey v. State,* 715 P.2d 244, 248 (Wyo.1986), *cert. denied,* 479 U.S. 882, 107 S.Ct. 270, 93 L.Ed.2d 247. In *Carey,* this court allowed admission of prior sexual misconduct to show motive, knowledge, and intent. In this case, the jury was instructed that "motive is an emotion, desire, psychological need or similar impulse acting as an incitement to action." This instruction is similar to *Carey's* definition that "motive in criminal law means 'that which * * * tempts the mind to indulge in a criminal act.'" *Carey,* 715 P.2d at 248 (quoting *Thompson v. United States,* 144 F. 14, 18 (1st Cir.1906)). *See also, Elliott v. State,* 600 P.2d 1044, 1048 (Wyo.1979).

■ The testimony revealed that appellant's reaction to his first wife's divorce plans was to sexually assault her. His reaction to Mrs. Sandy's attempt to end her relationship with him was also to sexually assault her. The evidence was relevant to assist the fact finder on the issue of consent and admitted for a proper purpose under the *Bishop* test's third factor. We need not consider the relevance of offering the uncharged misconduct for the purpose of showing the victim's state of mind since it was not offered at trial for that purpose and was never considered by the jury.

### B. Admissibility

#### *Bishop Test*

■ Appellant next claims there was neither plain, clear and convincing evidence the uncharged misconduct occurred nor a substantial need for the evidence. We disagree. Appellant's first wife testified that as a result of appellant's sexual assaults she obtained restraining orders against appellant and assistance from the Gillette Abuse Refuge Facility. She testified that she kept these papers and a calendar referencing the incidents. The record indicates appellant had copies of those records. The sexual assaults described by the first wife were substantially similar and almost identical to the crime charged in this case. The prior sexual assaults were committed under threats and with physical violence against a woman that appellant had previously been married to, and the assaults were committed after she attempted to end her relationship

with appellant. Appellant did not challenge the testimony of his first wife. There was a substantial need for the probative value of this testimony because the evidence of first-degree sexual assault was circumstantially strong, but not overwhelming. As there were no other witnesses to the incident, the issue of consent was reduced to a credibility contest between appellant and Mrs. Sandy. Uncharged misconduct is admissible when such an evidentiary conflict exists and it might help resolve an ultimate issue. *Carey*, 715 P.2d at 248; and *see Mitchell v. State*, 865 P.2d 591, 598 (Wyo.1993); *Elliott*, 600 P.2d at 1048–49.

### C. Wyoming Rules of Evidence—Rule 403

■ The record indicates the trial court admitted this testimony only after very careful consideration and a specific finding that appellant was not unfairly prejudiced by the evidence. In the light of our past decisions, the court's consideration of the proffered evidence and its specific finding properly applied the separate tests required by WYO. R.EVID. 403 and 404(b). *Elliott*, 600 P.2d at 1049. We hold that the trial court did not abuse its discretion within the context of Rule 403. *Dean*, 865 P.2d at 606; *Mitchell*, 865 P.2d at 599–600.

### LESSER INCLUDED INSTRUCTION

■ Appellant argues reversible error occurred when the trial court would not consider giving a lesser-included offense instruction for assault and battery. This court applies the statutory elements test when determining if one statute is necessarily included in another statute.

> Under this test, one offense is not "necessarily included" in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction is to be given * * *.

*State v. Keffer*, 860 P.2d 1118, 1134 (Wyo. 1993).

■ To preserve this issue on appeal, appellant must object or have presented the proposed written instruction to the trial court with appropriate argument. *Keffer*, 860 P.2d at 1137. During the instruction conference at trial, appellant inquired into the possibility of a lesser-included offense instruction on misdemeanor battery. The trial court replied that the elements of battery were not included in the elements of first degree sexual assault. Appellant then stated that he had not offered a lesser included instruction in his packet, wanted only to discuss its possibility, and would not seek one. This verbal exchange is insufficient to preserve this issue for appeal, and our review is limited to noticing any plain error. *Keffer*, 860 P.2d at 1137. Although appellant did not include a plain error analysis, we consider its application. Plain error exists when 1) the record is clear about the incident alleged as error; 2) there was a transgression of a clear and unequivocal rule of law; and 3) the party claiming the error was denied a substantial right which materially prejudiced him. *Porth v. State*, 868 P.2d 236, 241 (Wyo.1994).

■ We agree with the trial court that the elements of battery are not a subset of the elements of first-degree sexual assault. Since battery requires proof of an element not required for proof of first-degree sexual assault, an instruction should not have been given. *Keffer*, 860 P.2d at 1134. The elements of battery are:

> (b) A person is guilty of battery if he unlawfully touches another in a rude, insolent or angry manner or intentionally, knowingly or recklessly causes bodily injury to another.

WYO.STAT. § 6–2–501(b) (1988).

The elements of sexual assault in the first degree are:

> (a) Any actor who inflicts sexual intrusion on a victim commits a sexual assault in the first degree if:
>
> (i) The actor causes submission of the victim through the actual application, reasonably calculated to cause submission of the victim, of physical force or forcible confinement.

WYO.STAT. § 6–2–302 (1988).

A plain reading of the relevant statutes dictates that the elements of battery should

not be deemed a subset of the elements of first-degree sexual assault. The elements are not identical, and a defendant may be convicted of first-degree sexual assault without necessarily satisfying the elements of battery. Battery requires the intentional, knowing and reckless causing of bodily injury to another or an unlawful touching in a rude, insolent or angry manner. These are not elements of first-degree sexual assault.

Clearly, sexual intrusion may be accomplished without causing "bodily injury" since the statute defines that term as "physical pain, illness or any impairment of physical condition." Wyo.Stat. § 6–1–104(a)(i) (1988). Just as clearly, sexual intrusion can be accomplished through the use of force or confinement without accomplishing that intrusion in a rude, insolent or angry manner. Simply because the force which preceded the intrusion and caused the submission might be so characterized, the first-degree sexual assault statute does not require a showing that what followed shared that character. There was no plain error.

## APPELLANT'S PRO SE ISSUES

In his *pro se* brief, appellant claims that he was denied the right to defend in person, the right to testify, the right to have witnesses for his defense and the right to effective assistance of counsel.

 Appellant was present at his arraignment, jury impaneling, in-chambers testimony by his first wife, the in-chambers jury instruction conference and throughout the duration of his trial. He now claims it was constitutional error not to permit his presence at bench conferences on legal questions. Appellant's presence is not required during these conferences and his claim of error is without merit. Wyo.R.Crim.P. 43(c)(3); *Dean*, 865 P.2d at 614.

 Appellant also claims he was denied the right to testify and have witnesses testify in his defense. Appellant must show that his right to testify was denied and that he would have offered relevant testimony had he testified. *Sanchez v. State*, 841 P.2d 85, 88 (Wyo. 1992). The record indicates appellant had an opportunity to inform the court of his desire to testify but remained silent. There was not a denial of his right to testify. Additionally, appellant gives no indication of what relevant information he could have offered.

 Appellant states that his counsel interviewed witnesses to testify in his defense but did not call them to testify. According to appellant, these witnesses would have testified that the victim and his first wife had given false testimony, their testimony would have supported the testimony of other defense witnesses and would have shown that the victim pursued appellant in hopes of remarriage. The record indicates that through cross-examination and defense witnesses these points were strongly made as part of appellant's consent defense.

 We also find there is no merit to appellant's claim of ineffective assistance of counsel. There is ineffective assistance of counsel when trial counsel's performance was deficient because counsel made errors so serious counsel was not functioning as the counsel guaranteed appellant by the Sixth Amendment. *Frias v. State*, 722 P.2d 135, 145 (Wyo.1986) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)). Appellant must also show that the deficient performance prejudiced the defense because the errors were so serious as to deprive appellant of a fair trial, a trial whose result is reliable. *Frias*, 722 P.2d at 145. Appellant bases his claims of ineffective assistance of counsel on the errors discussed above, his late arrival at a jury instruction conference and a failure of counsel to consult with him about his defense. The record does not support these contentions of error, and appellant does not demonstrate he was deprived of a fair trial. We agree with the state that defense counsel vigorously represented appellant and tenaciously tested the state's evidence.

Affirmed.