37 F.3d 1510
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Allen Craig WELLS, Petitioner-Appellant,
v.
Duane SHILLINGER, Warden of the Wyoming State Penitentiary;
and the Attorney General of the State of Wyoming,
Respondents-Appellees.
 No. 94-8039.
 United States Court of Appeals, Tenth Circuit.
 Oct. 14, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Allen Craig Wells appeals the district court's denial of his petition for habeas corpus relief under 28 U.S.C. 2254, alleging violations of the Fifth and Sixth Amendments. We affirm.
 
 
 3
 A jury in Wyoming state court convicted Mr. Wells of two counts of conspiracy to distribute a controlled substance. Mr. Wells alleges that the state obtained these convictions by introducing into evidence statements procured in violation of his Fifth and Sixth Amendment rights. After his arrest in Colorado, Mr. Wells signed an affidavit of indigency to secure representation by a Wyoming public defender.[2]
 
 
 4
 Two agents with the Wyoming Division of Criminal Investigation went to Colorado to extradite Mr. Wells and transport him back to Wyoming to stand trial. It is uncontroverted that the agents advised Mr. Wells of his Miranda rights prior to the trip. During the course of the car ride from Colorado to Wyoming, Mr. Wells made several incriminating statements which were subsequently used against him at trial. The state trial court believed the testimony of one of the agents who said that Mr. Wells had initiated the conversation regarding the case. The Wyoming Supreme Court affirmed the conviction. The Wyoming state courts also denied his request for post-conviction relief. Mr. Wells then filed the present petition in federal court.
 
 
 5
 In a well-reasoned opinion, the district court dismissed the petition, concluding that Mr. Wells had waived his Fifth and Sixth Amendment rights by initiating the conversation with the agents and indicating a desire to waive his rights. On appeal, Mr. Wells merely reasserts the same arguments rejected by the district court. We have thoroughly reviewed the opinion of the district court and AFFIRM substantially for reasons stated therein.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Both sides agree that this action and the subsequent appointment of counsel by the Laramie county court constituted a request for counsel under Minnick v. Mississippi, 498 U.S. ----, 111 S.Ct. 486, 489-90 (1990), thus invoking Mr. Wells' Fifth Amendment right to counsel. Furthermore, the state concedes that Mr. Wells' Sixth Amendment right to counsel had attached at the time of the conversation at issue. See Aplee. Br. at 10