**Jennifer K. DeVRIES, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 95–173.

Supreme Court of Wyoming.

Jan. 12, 1996.

Dan O. Caldwell III, Thermopolis; and William L. Miller of Miller & Fasse, P.C., Riverton, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Lou Piccioni, Assistant Attorney General, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Jennifer DeVries appeals from her convictions for two counts of receiving and/or concealing stolen property as defined in WYO.STAT. § 6–3–403(a)(i) (1984).

We affirm.

## ISSUE

Appellant presents a single issue for our review:

Did the District Court err in denying Defendant's Motion for Acquittal and Defendant's Renewed Motion for Acquittal?

## FACTS

Appellant grew up on the 71 Ranch located near Elko, Nevada, where her father worked

as a ranch manager. All the cattle on the 71 Ranch belonged to the ranch owner except for two Holstein heifers which a former ranch employee's sister owned.

In March of 1993, Appellant received a Nevada brand certificate which allowed her to use the Slant 8 Arrow brand. Appellant's father branded the two Holstein heifers with Appellant's brand. In the spring of 1993, Appellant's parents purchased the Owl Creek Angus Ranch located in Hot Springs County, Wyoming. On June 26, 1993, the two Holstein heifers, along with some other cattle, were shipped from the 71 Ranch in Nevada to the Wyoming ranch. Appellant signed the brand inspection certificate[1] in Nevada, representing that she owned the cattle. Once the cattle arrived at the Wyoming ranch, they were branded with Appellant's father's J Lazy S brand.

On February 7, 1994, Appellant shipped another fifteen head of cattle which bore the Slant 8 Arrow brand from Nevada to herself at the Wyoming ranch. She was present in Nevada when the cattle were inspected, and she again signed the required brand inspection certificate, certifying that she was the owner of the cattle.

Upon realizing that the Holstein heifers were missing, the brother of the heifers' owner reported that fact to the district brand inspector. The heifers were eventually returned. Since they had been branded with the Slant 8 Arrow and J Lazy S brands, the Nevada livestock investigators became suspicious of the configuration of the various brands and asked a Wyoming livestock investigator to check the cattle which had been shipped from Nevada to the Wyoming ranch. The inspection of the Wyoming ranch supported the Nevada livestock investigators' concerns, and a search warrant was obtained. The search revealed that the 71 Ranch's 7 Lazy S brand had been converted to the Slant 8 Arrow brand on the cattle kept at the Wyoming ranch.

An information was filed, charging Appellant with two counts of unlawfully receiving and/or concealing stolen property as defined in § 6–3–403(a)(i) and with one count of conspiracy to unlawfully receive and/or conceal stolen property as defined by § 6–3–403(a)(i) and WYO.STAT. § 6–1–303(a) (1983). A jury trial was held during which Appellant moved at the close of the State's case for a judgment of acquittal. The trial court granted the motion with respect to the conspiracy charge, but it denied the motion as to the other charges. Appellant did not present any evidence, and the case went to the jury. The jury convicted Appellant of the two counts of receiving and/or concealing stolen property pursuant to § 6–3–403(a). Appellant renewed her motion for a judgment of acquittal, and the trial court once again denied her motion. Appellant appeals from the denial of her original and renewed motions for a judgment of acquittal.

## STANDARD OF REVIEW

We have often stated the standard of review which we use when we are reviewing a denial of a motion for a judgment of acquittal:

[W]e accept as true the evidence of the prosecution, together with all logical and reasonable inferences to be drawn therefrom, leaving out entirely the evidence of the defendant in conflict.

"A motion for judgment of acquittal is to be granted only when the evidence is such that a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime. Or, stated another way, if there is substantial evidence to sustain a conviction of the crime, the motion should not be granted. This standard applies whether the supporting evidence is direct or circumstantial." (citations omitted) *Leppek v. State,* 636 P.2d 1117, 1119 (Wyo.1981).

*Apodaca v. State,* 796 P.2d 806, 807 (Wyo. 1990) (citation omitted).

---

1. In Nevada, when cattle are sold, transported out of their home district or state, or consigned to slaughter or a sale yard, a brand inspector must inspect each animal prior to that transaction and issue a brand inspection certificate which certifies that the cattle belong to the person who has offered them for inspection.

In analyzing a sufficiency-of-the-evidence argument:

This Court assesses whether all the evidence which was presented is adequate enough to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by a finder of fact when that evidence is viewed in the light most favorable to the State. We will not substitute our judgment for that of the jury when we are applying this rule; our only duty is to determine whether a quorum of reasonable and rational individuals would, or even could, have come to the same result as the jury actually did.

*Hodges v. State*, 904 P.2d 334, 339 (Wyo. 1995) (citation omitted).

## DISCUSSION

Section 6-3-403(a)(i) provides:

(a) A person who buys, receives, conceals or disposes of property which he knows, believes or has reasonable cause to believe was obtained in violation of law is guilty of:

(i) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, if the value of the property is five hundred dollars ($500.00) or more;

\*　　\*　　\*　　\*　　\*　　\*

The essence of Appellant's argument is that, if she committed any crimes, she committed them in Nevada. She claims that the evidence does not show that she acted in Wyoming to receive and/or conceal the stolen property.

"Concealment is generally defined to mean 'to prevent disclosure or recognition of' or 'to place out of sight.'" *Hunter v. State*, 704 P.2d 713, 717 (Wyo.1985) (quoting WEBSTER'S NEW COLLEGIATE DICTIONARY (1979)).

When used in a legal sense, the word concealment means more than to place out of sight or to prevent recognition. It means to place out of sight of the owner, or to prevent recognition by the owner. "The word 'conceals' in the statute was not used in a technical sense but includes all acts done which render the discovery or identification of property more difficult.... Concealment is not limited to proof that the stolen property was hidden or kept out of sight, it is enough if it is proven that the property was withheld from the owner and made difficult for the owner to discover and this includes acts or conduct which enables the one who received the stolen goods to convert the property to his own use." *State v. Moynahan*, 164 Conn. 560, 325 A.2d 199, 212 (1973), *cert. denied* 414 U.S. 976, 94 S.Ct. 291, 38 L.Ed.2d 219 (1973) [ (citations omitted) ].

704 P.2d at 717-18. *See also DeLeon v. State*, 896 P.2d 764, 767 (Wyo.1995).

In *Hunter*, we determined that sufficient evidence supported the judge's finding that the appellant had concealed stolen property in the state of Wyoming from its Michigan owner when he stole the automobile in Michigan and drove it to Wyoming. 704 P.2d at 715. We held:

Certainly appellant was concealing the stolen vehicle from its lawful owner, who lived in Michigan, by driving said vehicle to Wyoming. It was unlikely that the owner would discover its whereabouts. There was more than sufficient evidence of concealment.

704 P.2d at 718.

■ Similarly, in the case at bar, we conclude that sufficient evidence supported the jury's determination that Appellant received and/or concealed the cattle in Wyoming. We cannot subscribe to Appellant's argument that, since she was in Nevada when she signed the brand inspection certificates which allowed the cattle to be transferred, she cannot be guilty of receiving and/or concealing the cattle in Wyoming. Her actions caused the cattle to be shipped to and concealed in Wyoming. Her caring for the stolen cattle at the Wyoming ranch after the cattle arrived was further evidence that Appellant had receiving and/or concealed the cattle in Wyoming. The fact that Appellant did not physically transport the cattle into Wyoming herself did not preclude her from being convicted of receiving and/or concealing the cattle in Wyoming.

The Fifth Circuit Court of Appeals considered a similar fact pattern in *United States v. Miller*, 664 F.2d 94 (5th Cir.1981), *cert. denied*, 459 U.S. 854, 103 S.Ct. 121, 74 L.Ed.2d 106 (1982). In that case, the defendant signed false vehicle titles for stolen vehicles on which he represented himself as being the seller. 664 F.2d at 96. The court, recognizing that "there must be some overt physical act on the part of the defendant in order to support a conviction," held that using false titles constituted a physical attempt to disguise the vehicles and fell within the meaning of concealment. *Id.* "[T]he physical act need not include contact with the vehicle or a physical hiding of the vehicle." *Id.*

■ In the case at bar, Appellant knew or had reason to believe that the cattle which were bearing her brand had been stolen. She signed the brand inspection certificates which allowed the cattle to be transferred to Wyoming where they would be out of the sight of their owners. She also allowed the cattle to bear her brand as they were being shipped to Wyoming, precluding their owners from recognizing them. Accordingly, the jury could have reasonably found that Appellant's activities constituted receiving and/or concealing the cattle in Wyoming which had been shipped from Nevada.

## CONCLUSION

We hold that sufficient evidence supported the trial court's denial of Appellant's original and renewed motions for a judgment of acquittal.

Affirmed.