**Chad URRUTIA, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. 95–201.

Supreme Court of Wyoming.

Sept. 24, 1996.

Sylvia Lee Hackl, State Public Defender; Gerald M. Gallivan, Director of the Defender Aid Program; and Ryan Cade C. Villet and Daniel Celestino, Student Interns for the Defender Aid Program.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Theodore E. Lauer, Director of the Prosecution Assistance Program; and Boyd M. McMaster, Student Intern for the Prosecution Assistance Program.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN* and LEHMAN, JJ.

MACY, Justice.

Appellant Chad Urrutia appeals from his convictions for possession with intent to deliver a controlled substance and for conspiracy to deliver controlled substances.

We affirm.

## ISSUES

Appellant presents three issues for our review:

ARGUMENT I:

I) There was insufficient evidence to convict Appellant, Chad Urrutia, of possession of a controlled substance with intent to deliver under Wyoming Statute § 35–7–1031(a)(ii), given the fact that the State never proved what the substance was, whether or not Urrutia possessed the substance or that delivery was his intended action[.]

ARGUMENT II:

I) There was insufficient evidence to convict the Appellant, Chad Urrutia, of conspiracy to deliver a controlled substance under Wyoming Statute § 35–7–1042 and § 35–7–1031(a)(ii) given the fact that the State did not prove that the Appellant ever agreed to participate in the conspiracy or that he ever intended to participate in the conspiracy[.]

ARGUMENT III:

I) The trial court erred in allowing the co-defendant witnesses to testify that they

* Chief Justice at time of oral argument.

had plead[ed] guilty to a charge similar to that for which the Appellant was on trial and which arose out of the same set of circumstances[.]

> a) State[']s use of co-defendant pleas of guilty [was] error and [was] prejudicial to the [A]ppellant[.]

> b) State[']s use of co-defendant pleas of guilty amounted to plain error[.]

## FACTS

In September 1994, Richard Cox, a drug dealer in Gillette, turned himself in to the police. Cox told the police that Appellant was involved in Cox's drug selling enterprise. In December 1994, Appellant was charged with possession with intent to deliver marihuana under WYO. STAT. § 35-7-1031(a)(ii) (Supp.1995) and with conspiracy to deliver marihuana and methamphetamines under § 35-7-1031(a)(ii) and WYO. STAT. § 35-7-1042 (1994).

Appellant was tried before a jury in April 1995. The State called a number of Appellant's acquaintances and co-conspirators as witnesses. Appellant was convicted on both counts, and he subsequently perfected his appeal to this Court. A more comprehensive statement of the facts is included in the following discussion of the issues in this case.

## DISCUSSION

### Sufficiency of the Evidence

#### A. *Standard of Review*

■ Our standard for reviewing challenges to the sufficiency of the evidence is well established.

> This Court assesses whether all the evidence which was presented is adequate enough to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by a finder of fact when that evidence is viewed in the light most favorable to the State. We will not substitute our judgment for that of the jury when we are applying this rule; our only duty is to determine whether a quorum of reasonable and rational individuals would, or even could, have come to the same result as the jury actually did.

*Hodges v. State,* 904 P.2d 334, 339 (Wyo. 1995) (citation omitted), *quoted in DeVries v. State,* 909 P.2d 977, 979 (Wyo.1996).

#### B. *Possession With Intent to Deliver Marihuana*

Appellant contends that the State did not present sufficient evidence to support his conviction for possession with intent to deliver marihuana. Before Appellant could be convicted of that crime under § 35-7-1031(a)(ii), the State had to prove that (1) Appellant possessed, (2) with the intent to deliver, (3) marihuana, a controlled substance. *See Wise v. State,* 654 P.2d 116, 118 (Wyo.1982).

■ Appellant argues that the State did not prove that he possessed the marihuana. We have previously discussed what is required to prove that a defendant possessed a controlled substance. *Wise,* 654 P.2d at 118–19. The Court must look at the totality of the circumstances in determining whether sufficient evidence allowed the jury to infer that the defendant had possessed the contraband. 654 P.2d at 119. The State does not have to show that the defendant owned or had exclusive possession over the controlled substance. 654 P.2d at 118–19. Constructive possession of the controlled substance is sufficient and may be proven by a showing that the defendant had dominion and control over the substance. *Id.; Saldana v. State,* 846 P.2d 604, 620 (Wyo.1993).

> In order to convict for possession of illicit drugs, the prosecution must establish that the accused either individually or jointly with another exercised dominion and control over the substance, had knowledge of its presence and knowledge that the substance was a controlled substance....

*Wise,* 654 P.2d at 119.

■ The police did not recover marihuana when they arrested Appellant. Appellant, however, admitted to them that he · had smoked marihuana and that it made him "high." Cox testified that he had given marihuana and methamphetamines to Appellant and Rickey Keefe on a number of occasions. The State introduced two small black books

into evidence which contained the records of Cox's drug transactions with Appellant and Keefe. Cox's bookkeeper verified the entries. Keefe and another witness testified that they had seen Appellant possess marihuana. From this evidence, the jury could reasonably conclude that Appellant had dominion and control over, and, consequently, possession of, the marihuana.

■ Appellant also argues that, because marihuana was not recovered during the investigation, the State did not present adequate evidence for the jury to conclude that the substance he possessed was actually marihuana. The prosecution may rely on circumstantial evidence to prove the identity of the controlled substance because "unlawful distribution of a substance, which by its nature is to be consumed, should not escape prosecution because the state could not seize a sample of the substance." *Lobatos v. State*, 875 P.2d 716, 720 (Wyo.1994). In determining whether a particular substance is a controlled substance, the jury may consider

"evidence of the physical appearance of the substance involved in the transaction, evidence that the substance produced the expected effects when sampled by someone familiar with the illicit drug, evidence that the substance was used in the same manner as the illicit drug, testimony that a high price was paid in cash for the substance, evidence that transactions involving the substance were carried on with secrecy or deviousness, and evidence that the substance was called by the name of the illegal narcotic by the defendant or others in his presence."

*State v. Northrup*, 16 Kan.App.2d 443, 825 P.2d 174, 180 (1992) (quoting *United States v. Dolan*, 544 F.2d 1219, 1221 (4th Cir.1976)). *See also United States v. Baggett*, 890 F.2d 1095 (10th Cir.1989); *People v. Steiner*, 640 P.2d 250 (Colo.Ct.App.1981). This list is not exclusive, and the State is not required to prove that all the circumstances were present in order to obtain a sustainable conviction. *See Northrup*, 825 P.2d at 180.

In addition to admitting that he used marihuana, Appellant acknowledged that he was present while marihuana sales were being completed. Cox, who was an experienced drug user, testified that he knew the green, leafy substance which he delivered to Appellant and Keefe was marihuana because he "always did everything [himself] before it ever went on the streets." Cox also testified that small amounts of the marihuana were sold for substantial amounts of money. We conclude that this evidence was sufficient to support the jury's inference that the substance which Appellant possessed was, in fact, marihuana.

■ Appellant further contends that the State did not present sufficient evidence to establish that he intended to deliver the marihuana. The intent-to-deliver element may be proven by a showing that a completed delivery occurred or that the defendant held the specific intent to deliver the controlled substance. *Dorador v. State*, 573 P.2d 839, 843 (Wyo.1978); *Stuebgen v. State*, 548 P.2d 870, 879 (Wyo.1976).

Cox testified that Appellant and Keefe told him that they could get "rid of quite a[l]ot" of drugs for him. He also testified that he gave them marihuana and methamphetamines to sell. A witness testified that he discussed the drug distribution business with Appellant and Keefe and that he witnessed the two men leave their apartment with drugs and then return later with money and no drugs.

Cox, Keefe, and the bookkeeper stated at the trial that they met with Appellant in July 1994 at the bookkeeper's house to discuss how they could more safely distribute the drugs and retrieve the money gained from the sale of those drugs. Appellant admitted that he attended the meeting, and he also admitted that he directed customers to Keefe and was present when the drug sales were being consummated. Viewing the evidence in the light most favorable to the State, we conclude that the jury could determine that Appellant harbored the specific intent to deliver the marihuana. Sufficient evidence, therefore, supported Appellant's conviction for possession with intent to deliver marihuana.

## C. *Conspiracy to Deliver Controlled Substances*

Appellant maintains that the State did not prove that he agreed to, or that he intended

to, participate in the conspiracy to deliver marihuana and methamphetamines. This Court recently restated the requirements for obtaining a conviction for the crime of conspiracy to deliver controlled substances:

"The State satisfies its burden of proof in a conspiracy case involving controlled substances by proving beyond a reasonable doubt that: (1) there existed at least a tacit understanding between the defendant and a co-conspirator to commit an act violative of Wyoming's Controlled Substances Act; and (2) the defendant intended to commit the elements of the offense which was the object of the understanding. Circumstantial evidence may be relied upon to establish a conspiracy due to the covert nature of the crime."

*Gilliam v. State*, 890 P.2d 1104, 1108 (Wyo. 1995) (quoting *Wehr v. State*, 841 P.2d 104, 110 (Wyo.1992)).

■ As we noted earlier in this opinion, Cox testified that, after Appellant and Keefe approached him and stated that they could get rid of a lot of drugs for him, he gave them drugs to sell. Appellant admitted that he directed potential customers to Keefe and that he was present while the sales were taking place.

Appellant acknowledged that he was present at the meeting which was held at the bookkeeper's house. During the meeting, the co-conspirators settled on a system for transferring the drugs and the money from the drug sales. Cox's black books recorded a number of drug transactions between him and Appellant and Keefe. When this evidence is viewed in the light most favorable to the prosecution, it was more than adequate for a jury to infer that Appellant and his co-conspirators had a tacit agreement to deliver controlled substances and that Appellant intended to participate in the drug distribution conspiracy. We conclude, therefore, that sufficient evidence supported Appellant's conviction on the conspiracy charge.

### Statements About Co–Conspirators' Guilty Pleas

Appellant asserts that the trial court erred by allowing his co-conspirators to testify that they had pleaded guilty to charges similar to those for which Appellant was on trial and by allowing the prosecutor to use that evidence in his closing argument. During the trial, the State asked Cox, Keefe, and the bookkeeper what criminal action had been taken against them as a result of their drug activities, and they replied that they had pleaded guilty to conspiracy charges. The prosecutor commented briefly on the co-conspirators' guilty pleas in his closing argument.

■ Appellant relies upon *Kwallek v. State*, 596 P.2d 1372 (Wyo.1979), in making his argument that admitting his co-conspirators' testimony was a prejudicial error which mandates a reversal. In that case, this Court ruled that, "when two persons are indicted for separate offenses growing out of the same circumstance, the fact that one has pleaded guilty is inadmissible against the other." 596 P.2d at 1375. "[E]vidence of a witness' guilt for an offense which arose out of a circumstance leading to the defendant's trial implies that the defendant is also guilty. Such an implication violates a defendant's right to have a trial on its own merits." *Wells v. State*, 846 P.2d 589, 595 (Wyo.1992), *denial of habeas corpus aff'd. sub nom. Wells v. Shillinger*, 37 F.3d 1510 (10th Cir. 1994). *See also Porth v. State*, 868 P.2d 236 (Wyo.1994); *Grable v. State*, 601 P.2d 1001 (Wyo.1979). The defendant in *Kwallek* presented appropriate and timely objections to the testimony which was given about his co-conspirator's guilty plea. 596 P.2d at 1376. The Court determined that the trial court's admission of the guilty plea evidence amounted to a prejudicial error. *Id.*

■ In the case at bar, Appellant did not object to the co-conspirators' testimony being admitted or to the State's closing argument. We must, therefore, apply the plain error standard:

"Plain error exists when 1) the record is clear about the incident alleged as error; 2) there was a transgression of a clear and unequivocal rule of law; and 3) the party claiming the error was denied a substantial right which materially prejudiced him."

*Hodges*, 904 P.2d at 341 (quoting *Sandy v. State*, 870 P.2d 352, 358 (Wyo.1994)).

The record reveals the co-conspirators' testimony and what occurred during the trial in this case. The first prong of the plain error test was, therefore, satisfied. A clear and unequivocal rule of law was violated when the witnesses were allowed to testify about their guilty pleas. *Kwallek* and its progeny dictate that such evidence is not admissible, and prosecutors should not attempt to elicit this type of testimony in their cases in chief.[1]

Appellant has not shown, however, that he suffered material prejudice as a result of the co-conspirators' statements being admitted. As we have already explained in this opinion, the evidence was more than sufficient to support Appellant's convictions without his co-conspirators' statements about their guilty pleas being admitted. The questioning with regard to the co-conspirators' pleas was limited in scope, and the comments which the prosecutor made in his closing argument were brief. Consequently, it is doubtful that the jury took undue notice of the evidence.

The fact that the jury's attention was not inordinately directed to the improper evidence distinguishes this case from *Kwallek.* In *Kwallek*, this Court concluded that the defendant was prejudiced because the trial court twice overruled the defendant's objections to the evidence about his co-conspirator's guilty plea being admitted. 596 P.2d at 1376. This Court determined that it was probable that

> the jury was left with the impression that, since the total evidence connected the defendant with [his co-conspirator] in the altercation with [the victim], the court must have wanted the jury to understand that, since [the co-conspirator] had pleaded guilty, it must be that the defendant is also guilty.

596 P.2d at 1376. In this case, by contrast, the jury was not left with such an impression. We conclude, therefore, that no plain error occurred because Appellant failed to show that he suffered material prejudice as a result of the evidence being admitted.

---

1. Pursuant to W.R.E. 609, such testimony may be admissible to impeach a co-conspirator. *See*

## CONCLUSION

The State presented sufficient evidence to support Appellant's convictions, and the trial court did not commit plain error by allowing the co-conspirators' guilty pleas into evidence at the trial.

Affirmed.

GOLDEN, Justice, specially concurring.

I concur in those parts of the majority opinion treating the sufficiency of evidence issues relating to possession with intent to deliver marihuana and conspiracy to deliver controlled substances. With respect to the issue concerning the admission of the coconspirators' guilty pleas, I concur in the result reached, *viz.*, plain error does not exist, but differ from the majority's reasoning. I do not find that *Kwallek v. State*, 596 P.2d 1372 (Wyo.1979), requires us to hold here that a clear and unequivocal rule of law was violated because the prosecution used the co-conspirators' convictions on direct examination in the State's case-in-chief and briefly on summation and the trial court did not give sua sponte a limiting instruction under W.R.E. 105.

The prosecution's use of the information was for a proper evidentiary purpose, *viz.*, to lessen the sting of the defense's cross-examination trying to discredit these witnesses. *See Gentry v. State*, 806 P.2d 1269 (Wyo. 1991); *United States v. Sanders*, 893 F.2d 133, 136 (7th Cir.1990), *cert. denied*, 496 U.S. 907, 110 S.Ct. 2591, 110 L.Ed.2d 272 (1990) and cases cited therein; and *United States v. Davis*, 838 F.2d 909, 917 (7th Cir.1988) and cases cited therein.

W.R.E. 105 provides that **upon request** the trial court shall restrict evidence to its proper purpose and instruct the jury accordingly when evidence is admissible for one purpose but not another. Here, the witnesses' convictions were evidence admissible for the proper purpose of credibility but not for the improper purpose of inferring Urrutia's guilt. In *Connolly v. State*, 610 P.2d 1008 (Wyo.1980), and *Sybert v. State*, 724

*Grable*, 601 P.2d at 1003–04. This exception, however, was not at issue in this case.

P.2d 463 (Wyo.1986), we held that the trial court did not commit plain error when it did not give a limiting instruction in the absence of a party's request. In situations such as those presented here, I think our rule would be, absent timely objection and request for a cautionary or limiting instruction, plain error will be considered only in rare instances in which egregious aggravating circumstances exist. They do not exist here.

THOMAS, Justice, specially concurring and dissenting.

I am in accord with the result reached by the majority opinion, and I agree completely with the portions of the majority opinion that address the sufficiency of the evidence. On the basis of *Kwallek v. State*, 596 P.2d 1372 (Wyo.1979), however, I approach the application of the plain error doctrine quite differently. I have no disagreement with what Justice Golden has offered in his specially concurring opinion, but my approach is different from the one he espoused.

The conclusion of the majority opinion is that a clear and unequivocal rule of law was violated, but that Urrutia failed to establish material prejudice. I quote from *Kwallek*, 596 P.2d at 1376:

As a general proposition, courts have found that prejudice results where the accused made timely objection [5] and has requested curative action by the trial court which refused or failed to eliminate the disclosure.

---

[5] It is well established that the accused must register timely objection to the disclosure. *State v. Marshall and Brown–Sidorowicz, P.A.*, 2 Kan. App.2d 182, 577 P.2d 803, 817, and cases cited therein (1978).

I believe the *Kwallek* rule is clear in requiring a timely objection to the disclosure of a guilty plea by another person who has been charged with an offense arising out of the same circumstances. It is my rationalization of *Kwallek* that, in the absence of an objection by the defendant, there is no error. Hence, under the plain error doctrine, **no clear and unequivocal rule of law** was violated. If *Kwallek* is not as clear as I read it, it is at best equivocal, and for that reason the

rule of the case does not meet the plain error requirement.

The reason, as I see it, why an objection is required to such a disclosure is that the circumstances of the trial are themselves inherently equivocal. When the prosecution seeks to introduce this evidence to blunt the effect of its being introduced on cross-examination, the defendant may well prefer that it come in at that point. It may be preferable as a matter of tactics to cross-examine about the details of the conviction and why the witness was able to make a deal with the prosecution. On the other hand, the defense may prefer the opportunity to introduce the subject on cross-examination and will object to the use of the information by the prosecution. Then, as *Kwallek* holds, it will be perceived as prejudicial error to permit the presentation to proceed. In fact, the defense may prefer that the matter not be presented at all, but it is unlikely the trial court will foreclose the information completely.

As we said in *Schmunk v. State*, 714 P.2d 724, 739 (Wyo.1986), where we specifically were invited to place the burden of justifying admissibility of hearsay on the State:

Appellant suggests that the State must satisfy its burden and the court make a determination of admissibility even though appellee makes no objection to receipt of the hearsay evidence. Appellant is not correct in this contention. To hold as suggested would impose an impossible burden upon a trial court to, on its own motion, require proof that opposing counsel has not demanded. **Besides, opposing counsel may choose not to object to receipt of the offered evidence for many reasons. Trial strategy may dictate no objection; the opposing party may believe the offered evidence will be favorable; the opposing party may believe that impeachment may be more damaging and choose not to exclude the evidence.** (Emphasis added.)

The *Kwallek* holding is that prejudice results when the accused has objected and the trial court fails to grant relief. It must follow that there is no prejudice to the accused when no objection is made. This approach matches the holding of the proposed opinion

that Urrutia has failed to demonstrate prejudice, but it also honors the rule announced in *Kwallek*.