Orlando Elias MORA, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 98–244.

Supreme Court of Wyoming.

July 19, 1999.

Orlando Elias Mora, Pro Se, Worland, WY, Representing Appellant.

Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

Appellant Orlando Mora was convicted of misdemeanor possession of methamphetamine and misdemeanor interference with a police officer. Appellant was charged when, after a consensual search, the borrowed automobile driven by him was found to contain drugs and paraphernalia. On appeal, Appellant challenges the district court's admission of the evidence found in the search and claims that there was insufficient evidence at trial to establish his constructive possession of the drugs found in the car.

We affirm.

## ISSUES

Appellant presents the following issues:

I. Defendant was denied a fair trial, due process and his procedural rights when the Trial Judge failed to suppress all evidence obtained from the illegal detention of the Defendant and when the Trial Judge erroneously ruled that all legal issues pertaining to the suppression of evidence from the illegal detention had been adjudicated at Defendant's Preliminary Hearing.

II. Defendant was wrongfully convicted [by a] Jury Trial of possession of methamphetamine due to insufficient evidence.

The State rephrases the issues:

I. Did the District Court Properly Admit Evidence Found In The Vehicle Driven By Appellant?

II. Did The State Present Sufficient Evidence Regarding Appellant's Unlawful Possession Of A Controlled Substance?

## FACTS

At approximately 4:45 a.m. on June 16, 1997, Officer Motley of the Thermopolis Police Department received a citizen's report that a gold-colored Chrysler LeBaron was seen driving erratically while entering town. Officer Motley eventually located a car matching the description and followed it. Although the officer did not observe any erratic driving, he noted that the left taillight of the car appeared to be inoperative. The officer then turned on his lights, and the vehicle pulled over to the side of the road.

Officer Motley approached the car, informed the driver, Appellant, that the taillight was not working, and asked to see Appellant's driver's license. Appellant told Officer Motley that he had lost his wallet and, therefore, did not have his license with him. When asked for his name and birth date, Appellant stated that his name was Ambrocio Amora, and his date of birth was October 11, 1956. When dispatch informed Officer Motley that there was no record of a license issued to that name and birth date, he approached the female passenger and asked

to see her license. The female passenger produced a license, Officer Motley returned to his patrol car to check its status, and found that the passenger's driver's license was valid. Officer Motley returned to the car and asked Appellant to step outside. He told Appellant that he had received a report that a car similar to Appellant's was driving erratically. He then asked Appellant "to blow in his face." Appellant complied, but Officer Motley detected no odor of alcohol. Officer Motley then asked Appellant for permission to search the car. Appellant consented and retrieved the keys so that Officer Motley could gain entry to the vehicle's trunk.

Officer Motley found three pieces of luggage in the trunk. Two apparently matching bags were placed on top of the third bag. All were made of a black leather material. The officer felt a hard object in the outside pocket of one of the top bags and, upon opening the pocket, discovered a "hollowed-out" light bulb with brown residue inside. Law enforcement experience having taught him that such items were often used to ingest methamphetamine, Officer Motley went to his patrol car and returned with a written "consent to search" form. After Officer Motley read the consent form to Appellant, Appellant signed the form as Ambrocio Amora.

Further search of the bag revealed a second light bulb in the same condition as the first. In the second top bag, Officer Motley discovered a set of digital scales, a torch nozzle for a hand-held propane torch, glass pipes containing a brown residue, jewelry-making components, and boxed jewelry. The trunk also contained a humidifier, a cast iron pot, and a bag of laundry products. The third bag, located at the bottom of the trunk, contained diapers and baby clothes. Appellant and the passenger told Officer Motley that they had borrowed the car from a friend, and that the only items that belonged to them were the diaper bag and a camera bag.

Officer Motley then searched the passenger compartment where he found a wallet containing an identification card with a photograph of Appellant and the name Orlando Mora. When asked why he lied about his identity, Appellant stated that his license had been suspended due to unpaid traffic tickets. Motley then transported Appellant, the female passenger, and their two children to the Joint Law Enforcement Center, where the two adults were placed under arrest. During the booking process, police found a tool in Appellant's pocket which he claimed was a jewelry-making tool. The female passenger was found to be holding two small packages which contained methamphetamine and a broken glass ampule in her shoe, which she claimed fell out of the glove compartment when she looked for the car's registration. She later entered a guilty plea to misdemeanor possession.

On February 13, 1998, Appellant's defense counsel filed two motions to dismiss the case against Appellant. Both motions were heard in chambers on the first day of trial, February 19, 1997, and were denied. The motion relevant to this appeal reads in its entirety:

> COMES NOW the defendant, and moves the Court to dismiss this matter on the ground that the officer had no probable cause to pull over Defendant's vehicle.

The basis for the probable cause motion was an allegation that the taillight had tape over it but was functional, and there was no other cause to stop Appellant. The district court denied the motion on the basis that the matter had been determined at the preliminary hearing. Trial proceeded, and the jury found Appellant guilty the next day. This appeal followed.

### STANDARD OF REVIEW

Appellant's first claim of error assumes that a suppression issue was put before the trial court. The record, however, does not demonstrate that that question ever was raised squarely for consideration. Instead, when Appellant's motion to dismiss for lack of probable cause for the stop was denied, no further action was taken regarding suppression of the evidence gained from the allegedly illegal seizure. Because Appellant's counsel offered no pretrial motion to suppress the evidence gained in the search, and lodged no objection to its admission at trial, we consider Appellant's claim under a plain error standard. *Brown v. State,* 953

P.2d 1170, 1175 (Wyo.1998); *Ross v. State,* 930 P.2d 965, 968 (Wyo.1996); *Lobatos v. State,* 875 P.2d 716, 721 (Wyo.1994). Plain error exists when the Appellant shows: (1) clear reflection in the record of the incident alleged as plain error; (2) the violation of a clear and unequivocal rule of law; and (3) the violation of a substantial right causing material prejudice. *Id.*

The second issue raised by Appellant is that the State failed to present sufficient evidence to sustain his conviction. He argues that the evidence was not adequate to establish the possession of a controlled substance beyond a reasonable doubt. Our standard for reviewing the sufficiency of the evidence is:

> The appellate test for sufficiency of evidence is whether a rational trier of fact could have been sufficiently armed by the evidence to find the essential elements of the offense beyond a reasonable doubt. In assessing that issue, we view the evidence in a light most favorable to the state, affording them the benefit of all reasonable inferences to be drawn therefrom. It is not our task, let alone our place, to reweigh the evidence or reexamine the credibility of the witnesses.

*Rodriguez v. State,* 962 P.2d 141, 148 (Wyo. 1998) (citing *Curl v. State,* 898 P.2d 369, 375 (Wyo.1995)) (citations omitted); *Seeley v. State,* 959 P.2d 170, 175 (Wyo.1998).

## DISCUSSION

### *Suppression of Evidence*

Appellant correctly points out that the preliminary hearing before the justice of the peace did not address his contention that the officer lacked probable cause to stop the vehicle. This is because the motion to dismiss presented prior to trial was premised on alleged facts discovered after the probable cause hearing binding Appellant over to the district court. As the basis for his motion to dismiss, Appellant's counsel stated:

> [Defense counsel]: Okay. Let me just state that I do have witnesses that I could call who would testify that the light was operational, and I'll bring this up, and I'm not—I'm not sure exactly how to bring this up, I did some research on it. It appears that attorneys cannot be witnesses in even preliminary motions unless they would find that disqualifying themselves in the case would cause a severe hardship to the defendant.
>
> What I would state to the Court is I'm the person that came to Thermopolis and drove the car back to Casper, got it from the wrecking yard. I don't think there was any problems with the light other than it had tape over it.
>
> . . . .
>
> [Defense counsel]: My position is, since the officer followed the vehicle for a considerable amount of time, saw that there was no problem with the driving, he had no probable cause to pull the vehicle over.

■ It is clear that the officer had probable cause to stop the vehicle if the taillight was not in working order. *See* Wyo. Stat. Ann. §§ 7–2–101(a)(iv), 7–2–102(b)(i), 31–5–901(a), 31–5–910, and 31–5–913 (LEXIS 1999). (It is a misdemeanor to operate a vehicle at night without two working taillights, and a municipal police officer may perform a warrantless arrest for any criminal offense committed in his presence.) Defense counsel properly recognized that she could not represent defendant and testify as to this matter because it rendered her a necessary witness. *Rudolph v. State,* 829 P.2d 269, 277 (Wyo.1992); Rule 3.7 of the Wyoming Rules of Professional Conduct.[1] While counsel did state that she had "witnesses," she did not offer or specifically inform the court of any witness other than herself, did not request a continuance in order to bring the

---

1. The rule provides:
   (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
   (1) the testimony relates to an uncontested issue;
   (2) the testimony relates to the nature and value of legal services rendered in the case; or
   (3) disqualification of the lawyer would work substantial hardship on the client.
   (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

alleged witness forward, and did not seek disqualification, or request the court to find that her disqualification would cause an unnecessary hardship to her client. Therefore, Appellant did not ask to present evidence at a later time and presented no admissible evidence to the district court challenging or contradicting Officer Motley's testimony at the preliminary hearing. Consequently, the district court did not err in finding that Officer Motley's preliminary hearing testimony was sufficient to establish probable cause, and then denying the motion to dismiss.

■ At trial, evidence questioning Officer Motley's account of the stop was presented through the testimony of the female passenger. The female passenger testified that when she followed the car from the wrecking yard, the left taillight was covered with a red plastic tape but was in working order. However, this evidence was presented *after* Officer Motley's testimony regarding probable cause and *after* the admission of the evidence obtained from the search, without objection. Thus, there was no reason for the district court to preclude the admission of the evidence at the time it was offered. Therefore, the record does not clearly reflect plain error, a violation of a clear and unequivocal rule of law, or a violation of a substantial right causing material prejudice. Furthermore, Appellant does not claim that he did not consent to the search and does not contend that the duration of the stop was improperly prolonged. Thus, we find no plain error in the admission of the evidence obtained from the search.

### Sufficiency of the Evidence

■ The benchmark for review of sufficiency of the evidence claims is whether the evidence, when viewed in the light most favorable to the State, is such as to permit a reasonable inference by the trier of fact to find guilt beyond a reasonable doubt. *Seeley*, 959 P.2d at 175; *Urrutia v. State*, 924 P.2d 965, 967 (Wyo.1996).

A permissible inference has been described as follows:

An inference is a process of reasoning by which a fact or proposition is deduced fairly and logically from other facts

proven or admitted. An inference is truly evidence. The weight to which it is entitled depends upon the facts and circumstances of each case * * *.

*Seeley*, 959 P.2d at 176, (citing *Story v. State*, 721 P.2d 1020, 1025 (Wyo.1986), *cert. denied*, 479 U.S. 962, 107 S.Ct. 459, 93 L.Ed.2d 405 (1986)). There must be some connection between the proven fact and the inference drawn from it. *Id.*

■ Appellant contends that the State failed to produce sufficient evidence of his possession of the controlled substances found in the car. His argument is based upon the following facts: there was no direct physical evidence linking him to the drugs, he was driving a borrowed vehicle, and the female passenger testified that she had no knowledge of the drugs found on her person during booking.

To convict for possession of illicit drugs, the prosecution must establish that [the defendant]: (1) either individually or jointly with another exercised dominion and control over the substance; (2) had knowledge of its presence; and (3) had knowledge that the substance was a controlled substance. *Saldana v. State*, 846 P.2d 604, 620 (Wyo.1993); *Wise v. State*, 654 P.2d 116, 119 (Wyo.1982). It is not necessary to offer direct evidence of the defendant's actual possession of the contraband. "[C]ircumstantial evidence linking together a series of facts" allowing a reasonable inference that the defendant had the requisite control and knowledge of the substance is sufficient to show constructive possession. *Wise*, 654 P.2d at 119. The court must consider the totality of the circumstances when determining whether sufficient evidence was presented to allow the jury to infer that the defendant had the requisite control and knowledge of the contraband. *Urrutia v. State*, 924 P.2d 965, 967 (Wyo.1996).

*Seeley*, 959 P.2d at 176.

■ In this case, the evidence showed that during the trip from Casper to Thermopolis Appellant was in the front passenger seat by the glove box where some of the drugs were located. Just minutes before being stopped

by Officer Motley, Appellant switched positions with the female passenger and was at the wheel when the car was stopped. He consented to a search of the vehicle and provided the keys. Thus, there is no doubt that Appellant exercised dominion and control over the car which contained the drugs.

 There was also evidence that, despite their denials, Appellant and the female passenger jointly owned the luggage in which the drugs were found. The two matching bags had been placed on top of the piece of luggage admittedly belonging to them. The female passenger testified that both she and Appellant had packed the car prior to leaving from Casper, and they had not gotten into the trunk other than when they packed. Her coat was also in the trunk, found on top of the luggage. Given the placement of the items admittedly belonging to them, it is not an unreasonable conclusion that the bags containing the drugs and paraphernalia were also theirs. Finally, the second bag contained jewelry and items used to make jewelry, which could be directly connected to Appellant, given his statement that the tool in his pocket was used for that purpose.

Evidence of the ownership of the bags gives rise to a reasonable inference that Appellant knew their contents. In addition, the character of the items in which the methamphetamine was discovered—hollowed-out light bulbs—coupled with the accompanying paraphernalia, provides ample evidence that Appellant knew that he possessed a controlled substance. A jury could reasonably infer from such evidence that Appellant exercised control over the bags, had knowledge of the contents, and knew that the residue on the light bulbs was a controlled substance. With the evidence viewed in the light most favorable to the State, such evidence is sufficient to sustain Appellant's conviction.

### CONCLUSION

The admission of the evidence obtained from the consensual search of the car driven by Appellant did not constitute plain error. Substantial evidence was presented from which the jury could reasonably infer that Appellant jointly owned the bags found in the trunk, knew their contents, and was aware

they contained a controlled substance. Appellant's conviction is affirmed.