82 So.2d 812

**John LAWSON**

v.

**STATE.**

**2 Div. 890.**

Court of Appeals of Alabama.

Oct. 11, 1955.

John W. Drinkard, Linden, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been adjudged guilty of grand larceny.

The evidence presented by the State tends to show that the appellant had been employed by the Merchants Grocery. Company of Demopolis, Alabama for some years. The company was and is a wholesale grocery company, and the appellant was employed as a driver of a truck used in delivering orders.

On the night of September 23, 1954 the truck to be driven by appellant the next morning was inspected by officials of the company, and a quantity of groceries not called for by the invoices for the truck was found therein and returned to the warehouse.

The tarpaulin covering the truck was refastened, and the truck remained in the parking lot back of the warehouse until the next morning.

Some twenty-five men were employed by the company, and a large fleet of trucks was operated in its business. All of the employees had access to the warehouse.

It was customary to load the trucks the afternoon before the trucks were to go out on the routes. The driver usually stayed in the truck during the loading operation, and some three or four helpers delivered the groceries to him to place in the truck. The next morning the truck to be driven by appellant was driven to the front of the warehouse where it remained unattended for some two hours, but with the tarpaulin fastened over it.

Mr. Ulmer Tucker, an official of the company who had helped check the truck the night before, testified that he was keeping a watch the next morning on the appellant.

Before the truck to be driven by appellant left, a Mr. Ward wanted to know if there was room in the truck for some seed. The appellant stated he would move the stuff in the truck and see if there was room. Mr. Tucker instructed him not to, but to go back in the warehouse and help load other trucks.

Tucker and Brad Collins untied the tarpaulin, and, according to Mr. Tucker, there were extra groceries in the truck again.

Instead of returning to the warehouse as instructed, the appellant stood across the street and watched the truck and "was nervous and all over the place out there."

The tarpaulin was replaced, the appellant given the invoices for his truck, and he started on his route.

The police having been notified, they arrested the appellant a short distance from the warehouse. Inspection of the truck revealed some $90 worth of groceries thereon which were not called for by the invoices for the truck. These groceries were identified as property of the company.

The appellant offered no evidence in the trial below other than one character witness.

 It is of course well settled that in a prosecution for larceny the unexplained possession of recently stolen goods raises an inference from which the jury may infer guilt. See 13 Alabama Digest, Larceny, ⊙64(1) (2) (3), for innumerable authorities.

The sole question in this case is, therefore: Was appellant in possession of the recently stolen goods sufficiently to satisfy the "taking and carrying away" element requisite to the offense of larceny?

We are clear to the conclusion that he was.

Possession is not limited to actual manual control upon or about the person. If under one's power and dominion the thing is possessed. That the appellant had knowledge of the presence of the stolen groceries can reasonably be inferred from his possession and control of the truck. Certainly, it was for the jury to so determine in the absence of any evidence by the appellant tending to justify his technical possession of the groceries.

The appellant having been found in possession of recently stolen goods, and no evidence having been submitted in his behalf directed toward justifying or explaining such possession, the verdict and judgment are amply supported under the principles of law applicable.

Affirmed.