**Wendell WISE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5748.**

Supreme Court of Wyoming.

Nov. 22, 1982.

Sylvia Lee Hackl, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Allen C. Johnson, Senior Asst. Atty. Gen., for appellee.

Before ROSE, C.J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

RAPER, Justice.

Appellant was convicted following trial by jury of a charge of possession of marijuana with intent to deliver in violation of §§ 35–7–1031(a)(ii) and 35–7–1014(d)(x), W.S.1977,[1] and was sentenced. The issue

---

1. Section 35–7–1031(a)(ii), W.S.1977, provides:
"(a) Except as authorized by this act [§§ 35–7–1001 to 35–7–1055], it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:

* * * * * *

"(ii) Any other controlled substance classified in Schedule I, II or III, is guilty of a crime and upon conviction may be imprisoned for not more than ten (10) years, fined not more than ten thousand dollars ($10,000.00), or both."

on appeal is whether the trial judge erred in denying appellant's motion for judgment of acquittal on the ground that the evidence was insufficient to sustain a conviction of the offense.

We will affirm.

On the date of the offense, appellant, with a Peter Christensen, both of Fort Collins, Colorado, went to the residence of Kathy LeJeune in Cheyenne. It was appellant's idea to come to Cheyenne to sell marijuana. Appellant requested Kathy's assistance in selling some pot (marijuana). Appellant and Kathy had known each other since they were children. She called a friend, Al, and advised him a friend of hers had some smoke for sale. Arrangements were made for appellant and his companion to meet with Al in the parking lot of Little America, Cheyenne. They met. Al, along with another person, got out of his yellow corvette and appellant and Kathy got out of Christensen's automobile. Christensen remained seated in the car. The price was discussed at which time Christensen interjected that the price was $500 per pound. When asked where the marijuana was, appellant pointed it out as being in the back seat of the car. Al took out a pound package and examined it. It was appellant who asked Al and the other person with him how much marijuana they wanted to buy; they had two and one-half pounds to sell. Appellant did all the talking except as to Christensen's interjection on the price as above noted. Al and his companion were undercover narcotics investigators. Appellant and Christensen were then arrested.

It is the claim of appellant that the evidence is insufficient to establish a prima facie case of the element of the offense that he had possession of the marijuana. It is his position that Christensen, rather than appellant, had possession since he was the owner of the marijuana, it was in Christensen's automobile, and there is no proof that appellant ever touched the marijuana.

Section 35–7–1014(d)(x) shows marijuana to be an hallucinogenic substance classified in

Appellant moved for judgment of acquittal at the end of the State's evidence in its case in chief, and renewed the motion at the close of all the evidence, pursuant to Rule 30(a), W.R.Cr.P.:

"Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one (1) or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the state is not granted, the defendant may offer evidence without having reserved the right."

The motion was overruled by the trial judge on both occasions.

Citing and quoting from *Leppek v. State,* Wyo., 636 P.2d 1117, 1119 (1981), we very recently, in *Weathers v. State,* Wyo., 652 P.2d 970 (1982), again set out the standard used by this court in examining the denial of a motion for judgment of acquittal:

" 'In reviewing the denial of a motion for judgment of acquittal, we examine and accept as true the evidence of the prosecution together with all logical and reasonable inferences to be drawn therefrom, [citations] leaving out entirely the evidence of the defendant in conflict therewith [citations].

" 'A motion for judgment of acquittal is to be granted only when the evidence is such that a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime. Or, stated another way, if there is substantial evidence to sustain a conviction of the crime, the motion should not be granted. [Citations.] This standard applies whether the supporting evidence is direct or circumstantial. [Citations.]' "

Schedule I.

As there noted, in making such a review, it must be done in the light of the applicable law, with respect to the essential elements of the crime. As the jury was instructed by the trial judge, the essential elements of the crime charged are: (1) The crime occurred within the county of Laramie on or about the date of January 11, 1982; (2) Wendell Howard Wise unlawfully possessed (3) with intent to deliver (4) marijuana, a controlled substance. Section 35-7-1031(a)(ii), W.S.1977, supra fn. 1. The only element in dispute is element number 2, possession. There is no controversy here as to whether or not an offense was committed; the issue is appellant's guilt or innocence to be settled on whether or not he had possession. That he had the intent to deliver is beyond question.

The trial judge, over the objection of appellant, instructed the jury that:

"The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

"A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

"The law recognizes also that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

"You may find that the element of possession as that term is used in these instructions is present if you find beyond reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

"An act or a failure to act is 'knowingly' done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason."

■ Possession has a variety of meanings. See, 72 C.J.S., Possession, pp. 233–235 and pocket part. We are concerned with that term's application to the criminal law and, in particular, possession of controlled substances even though it appears from our research that there is no variation in its application through the range of crimes in which it is an element. This court has not previously discussed the subject to any considerable extent, so we will take this occasion to explore the subject more thoroughly.[2] It is clear that mere presence in a vehicle belonging to another where contraband is discovered does not amount to possession of a controlled substance. *Rodarte v. City of Riverton,* Wyo., 552 P.2d 1245 (1976).

The history of the law of possession as to drug violations reveals that it had its principal origin in liquor possession cases. *Rodella v. United States,* 286 F.2d 306 (9th Cir. 1960). It was said in *Bennett v. State,* 160 Tex.Crim.App. 354, 271 S.W.2d 284 (1954) that possession of whiskey and beer for sale in a dry area means to exercise control over; that possession need not be exclusive, and ownership is not essential to possession. This principle is also applied to the crime of receiving stolen goods in that receiving envisages possession, *State v. Kimbrough,* 109 N.J.Super. 57, 262 A.2d 232 (1970), as well as possession of papers pertaining to a numbers game, the court saying there must be an intent to possess the forbidden papers and the possession must not be by accident or the design of another without the knowl-

---

2. Three Wyoming cases, however, should be mentioned. In *Valerio v. State,* Wyo., 527 P.2d 154 (1974), this court indicated, without discussion, that possession need not be exclusive and may be shown circumstantially. In *Mulligan v. State,* Wyo., 513 P.2d 180 (1973), it was held that, where a person is not in exclusive possession of the premises, it may not be inferred he knew of the presence of marijuana and con-

trolled it unless there were statements or circumstances to buttress the inference. In *Neuroth v. State,* Wyo., 524 P.2d 590 (1974), the facts were similar to *Mulligan,* supra, and the holding the same. The cases are sound but cannot be applied except in part to the circumstances present before us now; they are distinguishable but not inconsistent with this opinion.

edge of the accused, *State v. Labato,* 7 N.J. 137, 80 A.2d 617 (1951).

In a no-nonsense opinion involving possession of obscene motion picture films, it was held that it is not essential for the State to show that the defendant had manual or physical possession of the films. It was sufficient if they were in the actual possession of the person over whom the defendant had control so that they would be forthcoming if he ordered them. The word possession denotes a group of facts, in that instance: (1) defendant asked the friend to bring a movie projector; (2) defendant had charge of the evening's events; (3) defendant took on and assumed the role of master of ceremonies to introduce the show; (4) defendant knew the films were obscene; (5) defendant announced the films in vulgar language; and (6) the films were then shown at defendant's direction. Being in possession is simply a state of affairs, which, in certain circumstances, involves criminal liability. *State v. Strutt,* 4 Conn. Cir. 501, 236 A.2d 357 (1967). The court looks to the totality of the situation, *State v. Partin,* 88 Wash.2d 899, 567 P.2d 1136 (1977), to determine if there is substantial evidence tending to establish guilt so that the jury can reasonably infer that defendant had dominion and control of the drugs and thus was in constructive possession.

■ In order to convict for possession of illicit drugs, the prosecution must establish that the accused either individually or jointly with another exercised dominion and control over the substance, had knowledge of its presence and knowledge that the substance was a controlled substance; constructive possession is all that is necessary and such may be proved by circumstantial evidence linking together a series of facts. *State v. Faulkner,* 220 Kan. 153, 551 P.2d 1247 (1976); *People v. Storr,* 186 Colo. 242, 527 P.2d 878 (1974); *State v. Bankhead,* 30 Utah 2d 135, 514 P.2d 800 (1973); *State v. Villavicencio,* 108 Ariz. 518, 502 P.2d 1337

(1972); *State v. Trowbridge,* 157 Mont. 527, 487 P.2d 530 (1971); *People v. Williams,* 95 Cal.Rptr. 530, 5 Cal.3d 211, 485 P.2d 1146 (1971); *United States v. Malfi,* 264 F.2d 147 (3rd Cir.1959).[3]

■ Possession may, but need not, imply title and is not limited to manual touch or personal custody. *State v. Strutt,* supra; *Bennett v. State,* supra; *Lawson v. State,* 38 Ala.App. 322, 82 So.2d 812 (1955); *Rodella v. United States,* supra. There is no "right" of ownership in controlled substances; they are contraband subject to seizure, forfeiture and destruction by the State. Section 35–7–1049, W.S.1977. If a defendant is sufficiently associated with the persons having physical custody so that he is able, without difficulty to cause the drug to be produced for a customer, he can also be found by a jury to have dominion and control over the drug and, therefore, possession. *People v. Storr,* supra.

■ The cumulative effect of the evidence here is strongly sufficient to establish a total situation making a prima facie case of possession so that the jury could reasonably infer within the rules herein set out that appellant had constructive possession by his dominion and control over the marijuana in the vehicle where the marijuana was located, along with Christensen. The appellant:

1. Initiated the trip from Fort Collins, Colorado to Cheyenne;
2. Enlisted the assistance of his friend Kathy to sell the marijuana;
3. Requested Kathy to call Al and arrange the meeting at Little America;
4. Got out of Christensen's automobile and negotiated the sale of marijuana to Al;
5. Pointed out to Al the marijuana on the floor of the vehicle and permitted examination for quality and quantity;
6. In summary, engineered the whole transaction from beginning to arrest.[4]

**3.** The subject of possession in an automobile is additionally exhaustively covered in Annot., 57 A.L.R.3d 1319, entitled "Conviction of Possession of Illicit Drugs Found in Automobile of Which Defendant was not Sole Occupant."

**4.** We need not consider any of the evidence of

These are the indicia of possession in this case.

The district judge did not err in denying the motion for judgment of acquittal and sending the evidence to the jury for its verdict. His instruction on possession is soundly founded in the law.

Affirmed.

defendant. The condemning quality of the State's evidence is all that is necessary for a disposition of this case, within the rule that it must be sufficient to convince a reasonable juror with no reasonable doubt as to the presence of the essential elements of the crime.