2007 WY 168

Heather Marie CURETON,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. S-07-0001.

Supreme Court of Wyoming.

Oct. 24, 2007.

Representing Appellant: Tina N. Kerin, Appellate Counsel, Wyoming State Public Defender Program, Cheyenne, Wyoming.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; James Michael Causey, Assistant· Attorney General.

Before VOIGT, C.J., and. GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] After trial, a jury convicted Appellant Heather Cureton on two counts of possession of a controlled substance and one ·count of possessing a controlled substance with intent to deliver. Cureton challenges the sufficiency of the evidence supporting her convictions and asserts reversible error in the admission of testimony allegedly expressing an opinion as to her guilt. We affirm.

## ISSUES

[¶ 2] Cureton presents the following issues for our review:

I. ·Did plain error occur when the district court permitted Officer Wenberg to give opinion testimony as to Appellant's guilt?

II. Was there sufficient evidence to support Appellant's convictions?

## FACTS

[¶ 3] On February 1, 2006, an anonymous caller reported to Casper police that Cureton was selling drugs out of a maroon pickup truck parked ·behind a local bingo parlor. Within minutes Officer Chris Wenberg arrived at the location. Officer Wenberg noticed Cureton sitting in the front passenger seat of the truck talking to an unidentified female and a male, later identified as Cureton's boyfriend Dean Scoggin, seated on the driver's side, apparently attempting to fix the truck's stereo.

[¶ 4] Officer Wenberg approached the vehicle and asked the unidentified female to leave while he talked with Cureton and Scoggin. The officer then told Cureton and Scoggin why he was there and asked for permission to search the truck. Both consented to the search. At Officer Wenberg's request, the pair· exited the truck and walked toward the back of the vehicle. As Cureton did so, she paused for a moment near the rear passenger wheel. Once Cureton and Scoggin were at the back of the truck, Officer Wenberg asked and was granted permission to conduct a pat down. The officer discovered a syringe and· a "wad" of cash in Cureton's coat pocket.

[¶ 5] By that time, Officer Andy Ready had arrived at the scene and stood by Cureton and Scoggin while Officer Wenberg conducted a search of the truck. Officer Wenberg discovered a bag containing forty-seven smaller baggies of the type commonly used to package controlled substances for resale inside the passenger door's pocket. He also found an Altoids tin near the passenger side of the front seat that contained women's jewelry, several empty baggies and two small baggies containing approximately 3.99 grams of methamphetamine collectively.

[¶ 6] Cureton and Scoggin were placed under arrest. A search of Cureton's person revealed $970.00 in cash. A search of Scoggin's person disclosed $700.00 in cash, along with .74 grams of methamphetamine. After the duo was secured in the patrol cars, the officers conducted another search of the vehicle and discovered a small scale covered with methamphetamine residue resting on top of the rear passenger tire.

[¶ 7] Cureton was charged with three felony drug offenses: (1) possession of a controlled substance (methamphetamine) in a powder or crystalline form in an amount greater than three grams as proscribed by Wyo. Stat. Ann. § 35–7–1031(c)(ii) (LexisNexis 2007); (2) possession with intent to deliver a controlled substance (methamphetamine) or, in the alternative, aiding and abetting another in the commission of such offense in violation of Wyo. Stat. Ann. §§ 6–1–201 and 35–7–1031(a)(i) (LexisNexis 2007); and (3) possession of a controlled substance (methamphetamine), third offense, in violation of Wyo. Stat. Ann. § 35–7–1031(c)(i) (LexisNexis 2007). At trial, Officer Wenberg testified, without objection, about some of the common characteristics of both the distribution and use of methamphetamine and the significance of the items seized from the pickup truck. Scoggin also testified against

Cureton, connecting her to the drug items discovered by police. The jury found Cureton guilty on the charged offenses, and the district court sentenced her to a single term of imprisonment of six to twelve years.[1] This appeal followed.

## DISCUSSION

### Opinion testimony

[¶ 8] At trial, in addition to testifying about the events surrounding Cureton's arrest and the items seized, Officer Wenberg testified as an expert with over sixteen years of experience about the common characteristics of methamphetamine use and trafficking, including its different forms and methods of ingestion, the various quantities in which the drug is sold and its street value. Officer Wenberg testified that most people who sell methamphetamine often use it, and that a large quantity of the drug, as found in this case, could be possessed for either personal use or for resale. Officer Wenberg stated that, in order to determine if a person intended to resell methamphetamine, one had to consider other factors such as the presence of packaging materials, scales, large amounts of cash or other items of value, and pay/owe sheets upon which drug transactions are recorded. Officer Wenberg opined that the presence of several factors suggested that methamphetamine was being sold.

[¶ 9] Cureton contends that reversible error occurred in the admission of Officer Wenberg's testimony that certain facts in this case tended to indicate that methamphetamine was being sold rather than simply used. Cureton claims that such testimony relayed an impermissible opinion that she was a drug dealer and thus guilty of the charged offenses. Cureton acknowledges she did not object to the challenged testimony and, consequently, bears the burden of establishing plain error. To demonstrate plain error, Cureton must show in the record an error that transgressed a clear and unequivocal rule of law in a clear and obvious manner resulting in material prejudice to a substantial right. *Lessard v. State*, 2007 WY

89, ¶ 14, 158 P.3d 698, 702 (Wyo.2007); *Newport v. State*, 983 P.2d 1213, 1216 (Wyo.1999).

[¶ 10] The rule is well established that a witness, lay or expert, may not express an opinion as to the guilt of the accused. *Ogden v. State*, 2001 WY 109, ¶ 21, 34 P.3d 271, 276 (Wyo.2001); *Whiteplume v. State*, 841 P.2d 1332, 1338 (Wyo.1992); *Bennett v. State*, 794 P.2d 879, 881 (Wyo.1990); *Stephens v. State*, 774 P.2d 60, 66 (Wyo.1989). This rule ensures that it is the jury that resolves the factual issues and determines the guilt or innocence of the accused. *Ogden*, ¶ 21, 34 P.3d at 276. Opinion testimony, however, is not improper simply because it "embraces an ultimate issue to be decided by the trier of fact." W.R.E. 704. "An interpretation of the evidence by a witness, even though that interpretation may be important in establishing an element of the crime and thus leading to the inference of guilt, is not in the same category as an actual conclusional statement on the guilt or innocence of the accused party." *Saldana v. State*, 846 P.2d 604, 616 (Wyo.1993). Thus, error occurs only where the testimony constitutes a direct opinion about the accused's guilt rather than relates information to assist the jury in resolving the factual issues placed before it.

[¶ 11] In this case, Officer Wenberg never testified or offered a conclusion about whether Cureton was a drug dealer or that she was guilty of any particular offense. The officer's testimony merely informed the jury about the meaning and significance of certain items of physical evidence collected at the scene, and left the ultimate conclusion for the jury. We do not perceive Officer Wenberg's testimony as impermissible comments on Cureton's guilt but, rather, as opinion evidence offered to aid the jury in understanding and resolving the factual issues of the case. In our view, Officer Wenberg's testimony does not rise to the same level of impropriety that the rule on opinion testimony guards against. *See Whiteplume*, 841 P.2d at 1337–41 (officer's testimony that "I listened to her story and made a determination that she had been raped" constituted an

---

1. Relying on *Sincock v. State*, 2003 WY 115, 76 P.3d 323 (Wyo.2003), *Bilderback v. State*, 13 P.3d 249 (Wyo.2000); *Rouse v. State*, 966 P.2d 967 (Wyo.1998), the district court determined that the convictions on each count merged for sentencing purposes.

improper opinion as to the credibility of the victim and the guilt of the defendant); *Bennett,* 794 P.2d at 883 (officer gave his opinion that the defendant was a drug dealer and specifically linked the facts from his investigation to his conclusion that the defendant was a drug dealer); *Stephens,* 774 P.2d at 64–66 (three expert witnesses gave their opinion that the child had been sexually abused and that the defendant had done it). Its admission therefore did not violate a clear and unequivocal rule of law.

[¶ 12] Even assuming Officer Wenberg's testimony constituted error, Cureton has failed to establish that the error adversely affected a substantial right. The State's evidence against Cureton was strong. The jury's determination therefore did not hinge solely upon the challenged testimony of Officer Wenberg. We cannot conclude from our review of the record that, in the absence of the officer's testimony, the outcome of the trial might have been more favorable to Cureton. *Dudley v. State,* 951 P.2d 1176, 1179–80 (Wyo.1998). Under the facts of this case, we find no plain error to warrant reversal.

### Sufficiency of the Evidence

[¶ 13] Cureton contends that the evidence presented at trial was insufficient to sustain her convictions. Specifically, she claims the State did not prove beyond a reasonable doubt she possessed the methamphetamine in the Altoids tin in Scoggin's truck and on the scale found on the truck's tire.

[¶ 14] When reviewing a sufficiency of the evidence claim, this Court views the evidence, and any applicable inferences that may be reasonably drawn from it, in the light most favorable to the State. *Dettloff v. State,* 2007 WY 29, ¶ 22, 152 P.3d 376, 383 (Wyo.2007); *Grissom v. State,* 2005 WY 132, ¶ 24, 121 P.3d 127, 136 (Wyo.2005). We have consistently held that it is the jury's responsibility to resolve conflicts in the testimony, weigh the evidence and draw reasonable inferences from the facts. *Sotolongo–Garcia v. State,* 2002 WY 185, ¶ 11, 60. P.3d 687, 689 (Wyo.2002). It is not our task, let alone our place, to reweigh the evidence or reexamine the credibility of the witnesses. *Pacheco v. State,* 2004 WY 160, ¶ 6, 102 P.3d 887, 889 (Wyo.2004). Our duty is to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.; see also Grissom,* ¶ 24, 121 P.3d at 136; *Sotolongo–Garcia,* ¶ 11, 60 P.3d at 689.

[¶ 15] Before beginning our review, we feel compelled to point out two glaring problems with Cureton's argument. First, Cureton essentially ignores the standard employed for reviewing sufficiency of the evidence claims, basing her argument on the evidence most favorable to her and disregarding the evidence and rational inferences which would support the jury's determination. Second, Cureton does not cite to any Wyoming cases to support her contention that the evidence of possession presented to the jury was legally insufficient. Instead, she relies on cases from other jurisdictions that are both factually and legally distinguishable from this case. While we could summarily reject Cureton's insufficiency claim based on these deficiencies, we chose not to employ such a drastic step in this instance and will address the merits of her claim. *See generally Marshall v. State,* 2005 WY 164, ¶ 12, 125 P.3d 269, 274 (Wyo. 2005); *In re KD,* 2001 WY 61, 26 P.3d 1035 (Wyo.2001); W.R.A.P. 1.03 and 7.01.

[¶ 16] Possession of a controlled substance is proved when the evidence establishes that the accused either individually or jointly with another exercised dominion and control over the substance, had knowledge of its presence, and knowledge that the substance was a controlled substance. *Sotolongo–Garcia,* ¶ 12, 60 P.3d at 689; *Wise v. State,* 654 P.2d 116, 119 (Wyo.1982). Direct evidence of the defendant's actual possession of the substance is not required. Rather, constructive possession is all that is necessary and such may be proved by circumstantial evidence linking together a series of facts allowing a reasonable inference that the defendant had the requisite knowledge and control of the substance. *Sotolongo–Garcia,* ¶ 12, 60 P.3d at 689; *Wise,* 654 P.2d at 119.

[¶ 17] After a careful review of the record in this case, we find ample evidence from which the jury reasonably could infer that Cureton possessed the methamphetamine. Officer Wenberg's testimony reveals that the Altoids tin containing two small baggies of methamphetamine and women's jewelry, as well as forty-seven baggies of the type used to package the drug, were found in the area where Cureton had been situated in Scoggin's pickup truck. The scale covered with methamphetamine residue was located on top of the passenger rear tire where Cureton had briefly stopped before stepping to the back of the truck. The officer had not observed another person around the rear tire prior to the discovery of the scale. Finally, Cureton had a syringe and $970.00 in cash on her person. The State's evidence indicates that, at the time of her arrest, Cureton was unemployed and had no known source of income.

[¶ 18] There is also evidence that Cureton had exclusive possession of Scoggin's truck for a period of time immediately preceding the discovery of the methamphetamine and other drug items. Scoggin testified that Cureton had borrowed his truck the night before so she could obtain methamphetamine. When she did not return, he went looking for his truck the next day and found it in the parking lot of the bingo hall minutes before Officer Wenberg's arrival at the scene. Scoggin testified that as he was attempting to drive away in the truck, Cureton exited the bingo hall and asked him to "weigh out a teener of dope." According to Scoggin, he parked the truck in the back of the bingo hall and waited for Cureton. After a few minutes, Cureton arrived at the truck with another woman. Cureton asked Scoggin if he had measured out the methamphetamine. When he replied that he did not know where the drug was located, Cureton told him the methamphetamine was in the Altoids tin in the cubby hole next to the steering wheel. Scoggin grabbed the tin, tossed it to Cureton and told her that she would have to measure the drug herself. A few minutes later, Officer Wenberg arrived and discovered the methamphetamine and other items. In addition to this testimony, Scoggin denied ownership of the scale found on the rear tire of his truck.

[¶ 19] From the evidence presented, a reasonable inference can be drawn that Cureton knew what was in the Altoids tin and had exerted control over it. A reasonable inference can also be drawn that Cureton exercised dominion and control over the scale, knew that the residue on the scale was methamphetamine and that she placed it on the truck's tire to avoid its detection. Additionally, a reasonable inference can be made from the quantity of methamphetamine, the scale, the baggies and the amount of cash Cureton was carrying that she possessed the methamphetamine with the intent to deliver it to others. Viewing the evidence in the light most favorable to the State and giving it all reasonable inferences, as we must, we hold the evidence is sufficient to sustain Cureton's convictions.[2]

## CONCLUSION

[¶ 20] Our review of the record convinces us that Cureton's convictions are not tainted by improper opinion testimony as to her guilt. We also find sufficient evidence in the record to sustain Cureton's convictions. Affirmed.

---

2. In reaching this conclusion, we have considered and rejected Cureton's argument concerning Scoggin's credibility and the reliability of his testimony. As stated previously, it is the jury's role, and not this Court's, to determine issues of credibility and the weight to be accorded the evidence.