2007 WY 172

**William Odell MABE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 06–289.

Supreme Court of Wyoming.

Oct. 31, 2007.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; Donna D. Domonkos, Senior Assistant Appellate Counsel.

Representing Appellee: Patrick J. Crank, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Ursula P. Schultz, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1]   William Mabe appeals his conviction on a felony charge of larceny by bailee.   He asserts that the trial court abused its discretion when it admitted into evidence certain documents that contained handwriting from an unidentified person.   We conclude that the trial court committed no reversible error, and we affirm.

### ISSUE

[¶ 2]   Mr. Mabe's single issue, slightly rephrased, is whether the trial court erred when it admitted exhibits that contained unidentified handwriting.

### FACTS

[¶ 3]   In August 2005, Mr. Mabe went to work for Kosma Heating and Air Conditioning as a fabricator and installer of ductwork, furnaces, and air conditioners.   In February 2006, Mr. Mabe gave Kosma two weeks' notice that he was moving back east and would leave his job at the end of the month.   Apparently his plans were delayed, because he later asked to continue working for Kosma until the time he actually made the move.   He stayed on with Kosma until March 6, 2006, when he was fired, for reasons discussed below.

[¶ 4]   Kosma maintained charge accounts with various local vendors.   Employees were allowed to use those accounts to charge work-related supplies and tools.   They could also use the charge accounts to purchase

tools for their own personal use, repaying Kosma through paycheck deductions. For both work-related and personal charges, employees were required to obtain prior approval.

[¶ 5] Near the beginning of March 2006, Kosma received several invoices from two local vendors indicating that Mr. Mabe had charged a substantial number of tools, supplies, and other items on Kosma's accounts. Kosma's office manager and co-owner, Christina Thompson, brought the invoices to the attention of Joseph Kosma, the other owner of the business. They agreed that Mr. Mabe had not been authorized to make the charges. It also appeared to them that the tools and supplies were not work-related. For example, one invoice included a ball-peen hammer and a wrecking bar, tools that Kosma employees would be unlikely to use in their work. Many of the charges were made after working hours or on weekends, times when Mr. Mabe was not at work. Also, knowing that Mr. Mabe planned to quit his job and move away at the end of February, Ms. Thompson and Mr. Kosma came to the conclusion that Mr. Mabe intended to leave without paying for the charged items, leaving Kosma "held up high and dry."

[¶ 6] Mr. Kosma told Mr. Mabe's supervisor to fire Mr. Mabe. That same day, after he was fired, Mr. Mabe telephoned Mr. Kosma to apologize. When asked, Mr. Mabe admitted that he had planned to leave without paying for the charged items.

[¶ 7] Later that day, Mr. Mabe was arrested and charged with larceny by bailee under Wyo. Stat. Ann. § 6–3–402(b) (LexisNexis 2007), which provides that:

> A bailee ... or any person entrusted with the control, care or custody of any money or other property who, with intent to steal or to deprive the owner of the property, converts the property to his own or another's use is guilty of larceny.

Larceny by bailee is a felony if the property is valued at one thousand dollars or more. Wyo. Stat. Ann. § 6–3–402(c)(i). After Mr. Mabe's arrest, the police searched his home and found several of the items that had been charged to Kosma's account.

[¶ 8] At trial, the prosecution placed into evidence seventeen invoices from two local vendors, dating from January 26, 2006, to March 6, 2006, all reflecting charges to Kosma's account, and all indicating that the charged items had been "Received by" Mr. Mabe. Ms. Thompson testified that Mr. Mabe had not received prior approval for any of these charges, and that with a very few possible exceptions, none of the charged items were work-related. The trial court admitted the invoices into evidence over Mr. Mabe's objections.

[¶ 9] On appeal, Mr. Mabe does not dispute that the invoices themselves were properly admitted under W.R.E. 803(6), commonly known as the business records exception to the rule excluding hearsay evidence. However, he asserts that it was error for the trial court to admit nine of the seventeen invoices into evidence because they contained the notation "Willie Personal" in handwriting from an unidentified person. Mr. Mabe's nickname was Willie. According to Mr. Mabe, these notations were inadmissible hearsay, and should not have been admitted into evidence.

## STANDARD OF REVIEW

[¶ 10] The parties disagree on the appropriate standard of review. Mr. Mabe asserts that defense counsel objected to the admission of the invoices at trial, and so urges us to review for abuse of discretion, citing *Lopez v. State*, 2006 WY 97, ¶ 24, 139 P.3d 445, 454 (Wyo.2006). The State disagrees, contending that defense counsel's objections were on different grounds from the issue presented on appeal. The State therefore urges us to review for plain error, citing *Cazier v. State*, 2006 WY 153, ¶ 10, 148 P.3d 23, 28 (Wyo.2006). We would affirm this particular case under either standard. However, as explained below, the appropriate standard in this case is plain error.

[¶ 11] During trial, the prosecution asked Ms. Thompson to establish that all seventeen invoices, as a group, were business records. It then offered all seventeen invoices into evidence. The defense objected on the bases of "foundation and hearsay." The trial court suggested that the prosecution "lay some

more foundation for these particular exhibits, and identify them for your record." The prosecution did so, asking Ms. Thompson to review each exhibit, one by one. She provided additional information establishing each as a business record. The prosecution again offered the seventeen invoices into evidence. The defense said it "would still object to foundation, as well as to the signature." The trial court ruled that the invoices were admissible.

[¶ 12] The defense initially objected on the basis of hearsay, but after the prosecution elicited additional information from Ms. Thompson, hearsay was not mentioned as a basis for its objection. The objections that were made the second time were "foundation" and "the signature." Foundation, in this context, related to whether the invoices qualified as business records, but did not raise any issue regarding the "Willie Personal" notations. Review of the record shows that the objection to "the signature" also did not relate to the "Willie Personal" notations. Ms. Thompson testified that she was familiar with Mr. Mabe's signature, and she initially identified it on each of the seventeen invoices. On cross-examination, however, she agreed that the signature on one of the invoices, Exhibit 12, did not look like the other signatures, and said she could not be certain that signature was Mr. Mabe's.[1] In this context, the defense's objection to "the signature" was aimed at the signature on Exhibit 12, not at the notations to which Mr. Mabe now objects.

[¶ 13] Because the defense did not maintain its hearsay objection at trial, the hearsay issue it raises on appeal must be considered under the plain error standard. In fact, this case provides a good illustration of why the plain error standard should apply. If the defense had objected to the "Willie Personal" notations, then the trial court would have had an opportunity to address the issue. It might have redacted the notations from the invoices. It might have said the prosecution needed to identify who wrote the notations. But because defense counsel did not "lay his finger on the particular point" at issue, the trial court had no "opportunity to cure the alleged error." *Sanderson v. State*, 2007 WY 127, ¶ 13, 165 P.3d 83, 88 (Wyo.2007) (quoting *Valerio v. State*, 429 P.2d 317, 319 (Wyo. 1967), and *Murdock v. State*, 351 P.2d 674, 679 (Wyo.1960)). Accordingly, when we apply the plain error standard of review, we will reverse only if Mr. Mabe shows "in the record an error that transgressed a clear and unequivocal rule of law in a clear and obvious manner resulting in material prejudice to a substantial right." *Cureton v. State*, 2007 WY 168, ¶ 9, 169 P.3d 549, 551 (Wyo.2007); *Lessard v. State*, 2007 WY 89, ¶ 14, 158 P.3d 698, 702 (Wyo.2007).

## DISCUSSION

[¶ 14] Mr. Mabe's contention is that the unidentified handwriting on nine of the invoices was impermissible hearsay. Hearsay, of course, is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." W.R.E. 801(c). Such a statement may be oral or written, W.R.E. 801(a), and in this case it was written. The declarant was not identified, and the record does not reflect when the notations were made, so the statements were not made by the declarant while testifying. The question of whether the charges were personal or work-related was one of the main issues at trial,[2] and to the extent the "Willie Personal" notations suggested that the charges were personal, they may have been offered to prove the truth of the matter asserted. In sum, they were hearsay.

[¶ 15] Again, Mr. Mabe does not dispute that the invoices themselves were prop-

---

1. Apparently to overcome the question about the signature on Exhibit 12, the prosecution introduced testimony from the store clerk that Mr. Mabe had been involved in that particular transaction, and testimony from the police officer that an item listed on Exhibit 12 was found in Mr. Mabe's home.

2. Indeed, in his brief, Mr. Mabe asserts that this was the "ultimate" question at trial, and that the "Willie Personal" notations were particularly objectionable because they invaded the province of the jury. However, under W.R.E. 704, evidence is not objectionable simply because it "embraces an ultimate issue to be decided by the trier of fact."

erly admitted under the business records exception to the hearsay exclusion. He contests only the "Willie Personal" notations as hearsay-within-hearsay, because the declarant was never identified. However, it is not necessary to identify who authored each piece of information contained in a business record. For example, a medical record containing the notation that the patient had suffered eye damage and the opinion that such damage was consistent with non-accidental trauma was properly admitted under the business records hearsay exception, even though the witness presenting the medical record did not know who had written the notation and opinion. *Hodgins v. State*, 962 P.2d 153, 155–56 (Wyo.1998). Similarly, a freight bill was admissible under the business records hearsay exception, even though it contained handwritten notations from an unknown source. *United States v. Carranco*, 551 F.2d 1197, 1199 (10th Cir.1977).[3]

[¶ 16] The principal case on which Mr. Mabe relies, *Fondedile, S.A. v. C.E. Maguire, Inc.*, 610 A.2d 87 (R.I.1992), does not compel the result he seeks. In that case, the business records at issue were a secretary's notes of a meeting, indicating that someone had made a certain statement, but not who had made it. The person to whom the statement was attributed did not testify. Significantly, although the secretary was made available at trial, neither side asked questions about the meeting notes. They were business records, and were therefore admissible unless "the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." *Id.* at 94 (quoting R.I.R.E. 803(6), which contains language also found in W.R.E. 803(6)). But unlike the Rhode Island court, which sustained an objection to the admissibility of the secretary's notes, the trial court in Mr. Mabe's case heard no objection to the "Willie Personal" notations. The party objecting to the admission of a business record has the burden of establishing that a lack of trustworthiness should keep the document out of evidence. 4 Christopher B. Mueller & Laird

C. Kirkpatrick, *Federal Evidence* § 8:83, at 752–53 (3d ed.2007). This is indicated by the structure of the rule, which states that a business record is admissible "unless" there are indications that it lacks trustworthiness. The prosecution in Mr. Mabe's case established that the invoices were business records, and therefore admissible. The defense did not meet its burden of presenting facts or arguments to the trial court that the "Willie Personal" notations were untrustworthy. The trial court's admission of the evidence, in the absence of any indication that it was not trustworthy, cannot be considered plain error.

[¶ 17] Further, we cannot conclude that the admission of the invoices with the "Willie Personal" notations resulted in material prejudice. To demonstrate prejudice, Mr. Mabe must show a reasonable probability that the jury would have reached a different verdict if the evidence had not been admitted. *See Lopez v. State*, 2004 WY 28, ¶ 34, 86 P.3d 851, 861 (Wyo.2004). He has not made that showing.

[¶ 18] At trial, both Ms. Thompson and Mr. Kosma testified to and explained their conclusions that the items Mr. Mabe charged were not work-related, but for personal use. Because the information suggested by the "Willie Personal" notations "was already before the court by virtue of testimony of the witnesses," it did not create material prejudice. *Wyoming Sawmills, Inc. v. Morris*, 756 P.2d 774, 779 (Wyo.1988). When a witness testifies "extensively" to the contents of a document, the admission of the document, even if it is hearsay, does "nothing more than corroborate [the witness's] testimony," and consequently works no prejudice. *Rudy v. Bossard*, 997 P.2d 480, 484 (Wyo.2000). Further, a careful review of the record indicates that neither the witnesses nor the prosecuting attorney ever once mentioned, referred to, or even hinted at the "Willie Personal" notations. Mr. Mabe cannot demonstrate on this record that the jury even noticed the notations, much less that the jurors relied on

---

**3.** Because the Wyoming Rules of Evidence we consider in this opinion are identical to their federal counterparts, or very nearly so, authority interpreting the federal rules is useful in our application of the Wyoming rules. *In re Matter of GP*, 679 P.2d 976, 998 (Wyo.1984); *Hicklin v. State*, 535 P.2d 743, 748 (Wyo.1975).

them in reaching a verdict. Under plain error analysis, it is the appellant's burden to show prejudice. Mr. Mabe has not done so. We affirm the decision of the trial court.