2011 WY 18

**Darnell TAYLOR, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. S–10–0118.

Supreme Court of Wyoming.

Feb. 7, 2011.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Andrew J. Kuhlmann, Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] On October 30, 2008, police searched an apartment leased by the appellant's girlfriend and found marijuana, cocaine, heroin, and methamphetamine. The appellant's girlfriend told police that the drugs belonged to appellant, and he was charged with three counts of possession with intent to deliver a controlled substance. At trial, after the State presented its case in chief, the appellant moved for a judgment of acquittal claiming that the evidence presented by the State was insufficient to show that he had constructive possession of the drugs. This motion was denied and the appellant was convicted on all three counts. This appeal followed.

### ISSUE

[¶ 2] Did the district court err when it found that the State had presented sufficient evidence to establish the elements of constructive possession and denied the appellant's motion for judgment of acquittal?

### FACTS

[¶ 3] In July of 2007, the appellant's girlfriend, Courtney Vandom, gave the appellant a key to her apartment. Toward the end of 2007, Ms. Vandom and her daughter moved into the appellant's apartment. However, Ms. Vandom maintained the lease on her apartment.

[¶ 4] During the first ten months of 2008, the appellant and Ms. Vandom continued to live together in the appellant's apartment, but Ms. Vandom visited her old apartment

about once a week. During these visits, Ms. Vandom would give packages to people the appellant would send to the apartment. The appellant would accompany Ms. Vandom to her apartment on occasion, but he also often went to the apartment when she was not present.

[¶ 5] On October 30, 2008, officers with the Division of Criminal Investigation and the Campbell County Sheriff's Department executed a search warrant on Ms. Vandom's apartment. The search of the apartment uncovered bags of illicit drugs hidden under the mattress in the master bedroom and in the pantry area of the kitchen. The bags contained marijuana, methamphetamine, cocaine, and heroin. Ms. Vandom arrived at the apartment complex after the search had already commenced, and went to her sister's apartment, which was also in the complex. Officers eventually came to speak with Ms. Vandom in her sister's apartment. The officers arrested Ms. Vandom and took her upstairs to her apartment and told her what they had found. Ms. Vandom said she was aware of the marijuana in the apartment and that it belonged to her and that she was selling to "pay my bills." However, she said that she was not aware of the methamphetamine, cocaine, and heroin, and that the drugs belonged to the appellant. Ms. Vandom later admitted that she was aware of the other substances and that she delivered them for the appellant.

[¶ 6] On the night after the search, the appellant called a friend who picked him up and brought him to the friend's house. The friend testified that the appellant was "agitated" and "nervous" because he said there were drugs in the apartment. The appellant specifically told the friend that there was methamphetamine, cocaine, heroin, and marijuana in the apartment. Later that night, after giving the appellant a change of clothes, the friend dropped the appellant off near an alley in Gillette.

[¶ 7] Two or three days later, the appellant again contacted this friend and asked him to go to Ms. Vandom's apartment to retrieve the appellant's jacket. The appellant also told his friend that an ounce of methamphetamine was still in the apartment.

The appellant mailed his apartment key to the friend, and his friend searched the apartment for the methamphetamine. During the search, the appellant contacted the friend and told him that the methamphetamine was located on the top shelf of the pantry. The friend was unable to find the drugs, and he did not hear from the appellant again after that.

[¶ 8] After a search that lasted several months, law enforcement located the appellant in Florida, took him into custody, and returned him to Wyoming. The appellant was charged with four counts of possession with intent to deliver a controlled substance within 500 feet of a school. After a preliminary hearing, the appellant was bound over on the first three counts involving the methamphetamine, cocaine and heroin. The fourth count, alleging possession of marijuana with intent to deliver, was dismissed. The appellant entered not guilty pleas on all three counts.

[¶ 9] A jury trial commenced on November 18, 2009, and lasted two days. At the completion of the State's case-in-chief, the appellant orally moved for a judgment of acquittal. The district court denied the motion. Following the denial, the appellant did not present any evidence and the case proceeded to the jury. The jury returned a guilty verdict on all three counts. The appellant was sentenced on March 8, 2010, and timely filed a notice of appeal.

## STANDARD OF REVIEW

[¶ 10] We have described the standard applicable to a review of a denial of a motion for a judgment of acquittal as follows:

Our responsibility in considering the propriety of a ruling on a motion for judgment of acquittal is the same as that of the trial court. *Cloman v. State*, Wyo., 574 P.2d 410 (1978). The question raised is the sufficiency of the evidence to sustain the charge, which is a matter to be determined within the sound discretion of the trial court. *Chavez v. State*, Wyo., 601 P.2d 166 (1979); *Montez v. State*, Wyo., 527 P.2d 1330 (1974). In making that de-

termination the district court must assume the truth of the evidence of the State and give to the State the benefit of all legitimate inferences to be drawn from that evidence. If a prima facie case is demonstrated when the evidence is so examined, the motion for judgment of acquittal properly is denied. *Russell v. State,* Wyo., 583 P.2d 690 (1978). It is proper to grant a motion for judgment of acquittal only if there is no substantial evidence to sustain the material allegations relating to the offense that is charged. *Heberling v. State,* Wyo., 507 P.2d 1 (1973), cert. denied 414 U.S. 1022, 94 S.Ct. 444, 38 L.Ed.2d 313 (1973); *Fresquez v. State,* Wyo., 492 P.2d 197 (1971). Such a result is indicated if the evidence requires the jury to speculate or conjecture as to the defendant's guilt or if a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime when the evidence is viewed in the light most favorable to the State. *Chavez v. State, supra; Russell v. State, supra.*

*Martinez v. State,* 2009 WY 6, ¶ 11, 199 P.3d 526, 530 (Wyo.2009) (quoting *Aragon v. State,* 627 P.2d 599, 602 (Wyo.1981)).

## DISCUSSION

▊▊▊ [¶ 11] The appellant was charged and convicted under Wyo. Stat. Ann. § 35–7–1031(a)(i) (LexisNexis 2009),[1] which statute makes unlawful the possession of certain controlled substances with intent to deliver, and Wyo. Stat. Ann. § 35–7–1036(b)(i)(A)(I) and

(II),[2] which statute provides for specific penalties when certain crimes are committed within 500 feet of a school zone. The appellant does not dispute the sufficiency of the evidence regarding the "intent to deliver" element, or the "within five hundred feet" of a school zone element of the crimes for which he was convicted. Instead, he asserts that the motion for acquittal should have been granted because evidence supporting the "possession" element was lacking. It is true that the there was no evidence that the appellant was in actual possession of the drugs. For this reason, in prosecuting the appellant the State relied on the concept of constructive possession. Discussing the elements of constructive possession, we have said:

Possession of a controlled substance is proved when the evidence establishes that the accused either individually or jointly with another exercised dominion and control over the substance, had knowledge of its presence, and knowledge that the substance was a controlled substance. *Sotolongo-Garcia [v. State ],* [2002 WY 185,] ¶ 12, 60 P.3d [687,] 689 [ (Wyo.2002) ]; *Wise v. State,* 654 P.2d 116, 119 (Wyo. 1982). Direct evidence of the defendant's actual possession of the substance is not required. Rather, constructive possession is all that is necessary and such may be proved by circumstantial evidence linking together a series of facts allowing a reasonable inference that the defendant had the requisite knowledge and control of the

---

1. Wyo. Stat. Ann. § 35–7–1031(a)(i) reads:
    (a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:
    (i) Methamphetamine or a controlled substance classified in Schedule I or II which is a narcotic drug, is guilty of a crime and upon conviction may be imprisoned for not more than twenty (20) years, or fined not more than twenty-five thousand dollars ($25,000.00), or both;

2. Wyo. Stat. Ann. § 35–7–1036(b)(i)(A)(I) and (II) read:
    (b) Any person who is convicted of any of the following listed offenses with regard to a controlled substance listed in Schedules I through IV shall have the penalties specified in this

subsection imposed as part of the sentence and in addition to any other penalties authorized by law, if that offense was committed within any school bus as defined in [W.S. 31–7–102(a)(xl) ] or within the boundaries of or within five hundred (500) feet of the boundaries of real property used by a school district primarily for the education of any student in any grade from kindergarten through twelfth grade:
    (i) If an adult:
    (A) For manufacture, delivery or possession with intent to manufacture or deliver in violation of W.S. 35–7–1031(a) or subsection (a) of this section:
    (I) Imprisonment for a minimum of two (2) years; and
    (II) An additional fine of one thousand dollars ($1,000.00).

substance. *Sotolongo–Garcia,* ¶ 12, 60 P.3d at 689; *Wise,* 654 P.2d at 119.

*Cureton v. State,* 2007 WY 168, ¶ 16, 169 P.3d 549, 552 (Wyo.2007). When determining whether sufficient evidence was presented demonstrating constructive possession, the Court must consider the totality of the circumstances. *Urrutia v. State,* 924 P.2d 965, 967 (Wyo.1996).

[¶ 12] The appellant argues that the State failed to present sufficient evidence to establish constructive possession and therefore his motion for acquittal should have been granted. We disagree. Assuming the truth of the evidence presented by the State and giving every favorable inference thereto, we conclude that the district court's decision was proper.

[¶ 13] Regarding the appellant's "dominion and control" over the drugs, Ms. Vandom testified that the drugs belonged to the appellant, and that the appellant placed them in the apartment. She also testified that the appellant frequently asked her to give packages of the drugs to people the appellant sent to the apartment. We have said that "[i]f a defendant is sufficiently associated with the persons having physical custody so that he is able, without difficulty to cause the drug to be produced for a customer, he can also be found by a jury to have dominion and control over the drug and, therefore, possession." *Wise v. State,* 654 P.2d 116, 119 (Wyo.1982). Further, the evidence also showed that the appellant had a key to the apartment where the drugs were found and many of the appellant's personal items were discovered in the apartment, including clothes, shoes, hats, and his wallet.

[¶ 14] We turn now to the next element of constructive possession—knowledge of the presence of the drugs. The appellant's friend testified that on the night after the search, the appellant told him that there was methamphetamine, cocaine, heroin, and marijuana in the apartment. He also testified that, a few days later, the appellant told him there was methamphetamine in the apartment "[i]n the pantry on the top shelf to the right." When the police searched the apartment, they found methamphetamine in that very spot. This evidence sufficiently demonstrates that the appellant was aware of the type and location of the drugs in the apartment.

[¶ 15] Next, we examine whether sufficient evidence was presented to show that the appellant knew the substances in question were illegal controlled substances. The fact that the drugs were concealed in bags and placed in hiding places, such as between the mattress in the bedroom and on the top shelf of the pantry, indicates that the appellant knew he was bringing illegal controlled substances into the apartment and needed to conceal them. Also, Ms. Vandom's testimony that the appellant directed her to give packages of the controlled substances to people the appellant sent to the apartment in exchange for money also indicates the appellant's knowledge of the illicit nature of the substances. Finally, the fact that Ms. Vandom was told to exchange the packages for money only at the apartment, and not in a more public location or at the appellant's residence, also creates an inference that the appellant knew that the substances in question were illegal controlled substances.

[¶ 16] Finally, the appellant argues that even if he had constructive possession, the evidence does not support a finding that the elements of such were met on October 30, 2008—the date the Felony Information alleges that the crime occurred and also the date listed as an element of the crimes in the jury instructions. Again, we disagree. The above-described evidence clearly is sufficient to show that the appellant had constructive possession of the drugs on October 30, 2008. Ms. Vandom testified that she had given the appellant a key to the apartment in 2007, and that since then the appellant always had unfettered access to the apartment. The appellant's friend testified that the appellant sent him the key to the apartment after October 30, 2008, so that he could access the apartment. Furthermore, the friend's testimony regarding the appellant's behavior shortly after the search, and the appellant's specific knowledge regarding the variety and location of the drugs, provide sufficient evidence that on October 30, 2008, the appellant

knew of the location and illicit nature of the drugs.

## CONCLUSION

[¶ 17] After reviewing the entire record, and accepting all the evidence as true and giving every favorable inference thereto, we find that the State presented sufficient evidence to demonstrate that each of the elements of constructive possession were present on October 30, 2008. Therefore, we conclude that the district court properly denied the appellant's motion for a judgment of acquittal.