# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 21

### OCTOBER TERM, A.D. 2019

### February 19, 2020

ROBERT ARTHUR HUCKINS,

Appellant
(Defendant),

v.

S-19-0137

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Crook County*
The Honorable John R. Perry, Judge

*Representing Appellant:*

Diane Lozano, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel.

*Representing Appellee:*

Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Catherine Mercer, Assistant Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]    A jury found Robert Arthur Huckins guilty of felony possession of marijuana.  Mr. Huckins claims the State's trial evidence was insufficient to establish he possessed the marijuana.  We affirm.

## ISSUE

[¶2]    Was the trial evidence sufficient to establish Mr. Huckins constructively possessed the marijuana?

## FACTS

[¶3]    On January 31, 2018, Hulett police officer William Motley was called to the home of Mr. Huckins and his girlfriend Jennifer Baugh for a possible domestic disturbance.  Mr. Huckins was not present when the officer arrived.  Officer Motley spoke with Ms. Baugh about what precipitated the call to police.  She was emotional and seemed to be "on a narcotic or something like that."  Ms. Baugh admitted she had smoked marijuana with Mr. Huckins at the home earlier in the evening.

[¶4]    When Officer Motley told Ms. Baugh that he was going to arrest her for being under the influence of a controlled substance, she "blurt[ed] out, 'I'll tell you where the weed is.'"  She pointed to a white trash bag in the living room.  Officer Motley dumped the contents of the bag onto the couch and found DVDs, children's toys and books, and marijuana packaged in three plastic bags and an envelope.  Officer Motley seized the marijuana and arrested Ms. Baugh.  The total weight of the marijuana was 6.7 ounces.

[¶5]    Later that evening, Officer Motley located Mr. Huckins at his father's residence.  The officer told Mr. Huckins that he had arrested Ms. Baugh for being under the influence of a controlled substance and for felony possession of marijuana because he found more than three ounces of marijuana in their home.  Mr. Huckins said the drugs did not belong to Ms. Baugh; they were his.  He claimed to have purchased the marijuana and used it nightly to help him sleep.  Mr. Huckins stated he bought marijuana in large quantities so he "didn't have to try to find it when he need[ed] it."  He also said he thought marijuana should be legal in Wyoming.

[¶6]    The next day, Officer Motley and Department of Family Services case worker Amanda Gaskin met with Mr. Huckins.  According to Ms. Gaskin, Mr. Huckins stated he used marijuana daily, Ms. Baugh also used marijuana, and he purchased it in large quantities. Mr. Huckins acknowledged that the large amount of marijuana found by Officer Motley belonged to him.

1

[¶7]    The State charged Mr. Huckins with felony possession of marijuana.  He pleaded not guilty and the matter proceeded to a jury trial.  Ms. Baugh testified for the defense.  She stated that an hour or two before the "cops got called" on January 31, 2018, she had "kicked [Mr. Huckins] out of the household" permanently.  She testified the marijuana seized by Officer Motley that day belonged to her and she had purchased it with funds from her personal bank account.  According to Ms. Baugh,  Mr. Huckins said the marijuana belonged to him so she would be released from jail to care for their children.

[¶8]    On cross-examination, Ms. Baugh admitted she had transferred large sums of money from an account she and Mr. Huckins owned together to her personal account.  She stated she and Mr. Huckins had discussed and agreed to buy the marijuana which was later seized by Officer Motley.  Ms. Baugh also admitted that, while living at the home, Mr. Huckins knew where the marijuana was stored and could access it whenever he wanted.

[¶9]    The jury found Mr. Huckins guilty.  The district court sentenced Mr. Huckins to a term of imprisonment of 24 to 48 months, suspended the sentence, and placed him on supervised probation for three years.  Mr. Huckins filed a notice of appeal.

## DISCUSSION

[¶10]   When reviewing a claim that the evidence was insufficient to support a jury's verdict in a criminal trial, we decide whether the evidence could reasonably support the jury's verdict. *Thompson v. State,* 2018 WY 3, ¶ 14, 408 P.3d 756, 760 (Wyo. 2018); *Mraz v. State,* 2016 WY 85, ¶ 19, 378 P.3d 280, 286 (Wyo. 2016).  We do not reweigh the evidence or reexamine the credibility of the witnesses. *Id.*  Instead, we examine "the evidence in the light most favorable to the State.  We accept all evidence favorable to the State as true and give the State's evidence every favorable inference which can reasonably and fairly be drawn from it." *Thompson,* ¶ 14, 408 P.3d at 761 (quoting *Worley v. State,* 2017 WY 3, ¶ 17, 386 P.3d 765, 771 (Wyo. 2017)) (other citations and quotation marks omitted).  We "disregard any evidence favorable to the appellant that conflicts with the State's evidence." *Id.  See also, Weston v. State,* 2019 WY 113, ¶ 11, 451 P.3d 758, 762 (Wyo. 2019).

[¶11]  Mr. Huckins was convicted of violating Wyo. Stat. Ann. § 35-7-1031(c)(iii) (LexisNexis 2019).  Under that statutory provision, it is a felony for a person to knowingly or intentionally have in his possession more than three ounces of marijuana in plant form. *Id.  See also, Regan v. State,* 2015 WY 62, ¶ 11, 350 P.3d 702, 705 (Wyo. 2015) (Section 35-7-1031(c)(iii) makes it a felony for any person knowingly or intentionally to possess more than three ounces of a controlled substance in plant form. (brackets and quotation marks omitted)).

[¶12]  A person can have actual or constructive possession of a controlled substance. *Regan,* ¶ 12, 350 P.3d at 705; *Sotolongo-Garcia v. State,* 2002 WY 185, ¶ 12, 60 P.3d 687, 689-90 (Wyo. 2002); *Wise v. State,* 654 P.2d 116, 118-19 (Wyo. 1982).  Actual possession

of a controlled substance is established when the defendant had direct physical custody over it. *Regan,* ¶ 12, 350 P.3d at 705. *See also*, *Pyles v. State,* 2020 WY 13, ¶ 8, ___ P.3d _____ (Wyo. 2020) ("A person has actual possession of a controlled substance when he has direct physical custody over it."). Constructive possession of a controlled substance is established when the defendant either "'individually or jointly with another exercised dominion and control over the substance, had knowledge of its presence, and [had] knowledge that the substance was a controlled substance.'" *Taylor v. State,* 2011 WY 18, ¶ 11, 246 P.3d 596, 599 (Wyo. 2011) (quoting *Cureton v. State,* 2007 WY 168, ¶ 16, 169 P.3d 549, 552 (Wyo. 2007)). To prove a defendant had control of the substance, the State must show he had an "'appreciable ability to guide [its] destiny.'" *Regan,* ¶ 18, 350 P.3d at 706 (quoting *United States v. Al-Rekabi,* 454 F.3d 1113, 1118 (10th Cir. 2006)).

[¶13] Although the district court instructed the jury on the concepts of actual and constructive possession, the State focused on the theory that Mr. Huckins had constructive possession of the marijuana on January 31, 2018. Constructive possession "'may be proved by circumstantial evidence linking together a series of facts allowing a reasonable inference that the defendant had the requisite knowledge and control of the substance.'" *Taylor,* ¶ 11, 246 P.3d at 599-600 (quoting *Cureton,* ¶ 16, 169 P.3d at 552). "When determining whether sufficient evidence was presented demonstrating constructive possession, the Court must consider the totality of the circumstances." *Taylor,* ¶ 11, 246 P.3d at 600 (citing *Urrutia v. State,* 924 P.2d 965, 967 (Wyo. 1996)).

[¶14] The trial evidence was clearly sufficient to support the jury's conclusion that, on January 31, 2018, Mr. Huckins constructively possessed more than three ounces of marijuana. Mr. Huckins does not claim the State failed to prove that he knew there was marijuana in the house or that he knew it was a controlled substance, and the evidence on those two factors is clear. Mr. Huckins knew the marijuana was present in the house because he admitted to using it daily and Ms. Baugh testified she and Mr. Huckins had smoked it on January 31, 2018. Mr. Huckins obviously knew marijuana was a controlled substance because he told Officer Motley that he thought it should be legal in Wyoming.

[¶15] Mr. Huckins claims the State did not prove he exercised dominion and control over the marijuana because Ms. Baugh testified she had permanently kicked him out of the house a couple of hours before Officer Motley arrived and Mr. Huckins had no right to access the marijuana after that. Mr. Huckins' argument overlooks that he was charged with having possession of the marijuana on January 31, 2018. The undisputed evidence showed that Mr. Huckins had dominion and control over the marijuana on that day prior to being kicked out of the house. Ms. Baugh stated that, while Mr. Huckins was living at the home, he knew where the marijuana was stored and could access it whenever he wanted.

[¶16] Mr. Huckins also points out that there was conflicting evidence about who owned the marijuana because Ms. Baugh claimed she had purchased the marijuana and it belonged to her. Her testimony obviously contradicted his statement that the marijuana belonged to

him. Under our standard of review, the jury was entitled to weigh the conflicting evidence. We do not, on appeal, reweigh the evidence or reexamine the credibility of the witnesses. *Thompson,* ¶ 14, 408 P.3d at 760; *Mraz,* ¶ 19, 378 P.3d at 286. The jury reasonably could have chosen to believe the marijuana belonged to Mr. Huckins.

[¶17] Furthermore, Mr. Huckins ignores that a person may exercise dominion and control over a controlled substance jointly with another. *Regan,* ¶ 15, 350 P.3d at 706; *Taylor,* ¶ 11, 246 P.3d at 599; *Cureton,* ¶ 16, 169 P.3d at 552. The trial evidence established Mr. Huckins and Ms. Baugh had joint constructive possession of the marijuana on January 31, 2018. Ms. Baugh testified that, earlier in January, she and Mr. Huckins had discussed purchasing the marijuana and agreed to do so. The evidence showed she regularly transferred money from the joint account she shared with Mr. Huckins into her personal account. The jury could reasonably infer from this evidence that the funds in her personal account which she used to purchase the marijuana came from their jointly owned funds. After purchasing the marijuana, they stored it in a white trash bag in the living room and both had free access to it. They regularly used marijuana from their stash. Clearly, Mr. Huckins exercised dominion and control over the marijuana jointly with Ms. Baugh before she kicked him out of the house on January 31, 2018.

[¶18] Affirmed.